■ AVETTE WARE, Individually and as Mother and Natural Guardian of THYIAS MERRITT, an Infant, et al., Respondents, v LYNN C. PORTER, Appellant. (And a Third-Party Action.) [642 NYS2d 278] —Order, Supreme Court, Queens County (Alan Levine, J.), entered on or about March 13, 1995, which granted plaintiffs' motion to vacate the dismissal of the action pursuant to CPLR 3404, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion is denied and the complaint is dismissed.

It is well-settled that once a case is dismissed pursuant to CPLR 3404, a party seeking to restore the case to the trial

calendar must demonstrate that the case has merit, that a reasonable excuse for the delay exists, the absence of an intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored to the trial calendar (*Kopilas v Peterson*, 206 AD2d 460, 461; *Civello v Grossman*, 192 AD2d 636). Further, all four components of the test must be satisfied before the dismissal is vacated (*Roland v Napolitano*, 209 AD2d 501; *Ornstein v Kentucky Fried Chicken*, 121 AD2d 610, 611).

In the matter at bar, plaintiffs failed to file a Note of Issue for more than three years after the completion of discovery, despite a stipulation, signed by the parties in March 1991, restoring the matter to the trial calendar upon plaintiffs' filing of a Note of Issue. The death of plaintiffs' attorney in September 1994 does not constitute a valid excuse for the delay as the matter had already been abandoned for a substantial length of time.

Moreover, defendant has demonstrated that she would be prejudiced by the delay as more than 7 years had passed from the date of the accident to the time plaintiffs moved to vacate the dismissal. In addition, one of the defendant's material witnesses, Dr. Green, died during the course of the delay, and, although his report would have been stipulated into evidence pursuant to the IAS Court order, the probative effect of such evidence is diminished by Dr. Green's unavailability to testify as to its contents and his opinion. Concur—Milonas, J. P., Kupferman, Ross and Tom, JJ.