■ Luis Sanchez, Appellant, v Javind Apt. Corp., Respondent. [667 NYS2d 708] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered November 19, 1996, which denied plaintiff's motion, pursuant to CPLR 3404, to restore the action to the trial calendar, unanimously reversed, on the law and the facts, without costs, and the motion granted on the condition that plaintiff's counsel pay $5,000 to defendant.

On February 3, 1992, the ceiling of plaintiff's bathroom collapsed, causing permanent injuries to his neck, back and head. Plaintiff commenced a negligence action against defendant, the owner of his apartment building, on April 20, 1992. In opposing plaintiff's attempts to restore the case to the trial calendar after several delays had caused it to be marked off, defendant has not denied that plaintiff has a meritorious cause of action. Rather, defendant contends that the action should be deemed abandoned because of plaintiff's counsel's repeated failure to appear at pre-trial conferences or to argue the motions he submitted. A brief time line follows:

Events preceding the dismissal of the action

| | |
|---|---|
| June 22, 1992: | Answer served. |
| July 20, 1992: | Bill of Particulars Provided. |
| February 22, 1993: | Preliminary Conference before Judge Lehner at which depositions were ordered for April 28, 1993 (later adjourned). |
| January 19, 1994: | Plaintiff's deposition. |

| | |
|---|---|
| February 15, 1994: | Plaintiff files Note of Issue. |
| March 9, 1994: | Defendant's deposition. |
| April 14, 1994: | Defendant moves to change venue from New York to Westchester (motion was apparently never determined). |
| May 26, 1994: | Defendant appears for pre-trial conference; plaintiff does not appear; matter adjourned until July 8, 1994. |
| July 8, 1994: | Defendant appears for pre-trial conference; plaintiff's counsel does not appear; conference adjourned until August 29, 1994 (R. 41). |
| August 29, 1994: | Judge Cohen marks the case off the trial calendar for plaintiff's counsel's failure to appear. |
| October 24, 1994: | Plaintiff exchanges the medical report of the treating physician. |
| November 8, 1994: | Plaintiff exchanges the medical report of Yonkers General Hospital. |
| June 19, 1995: | Plaintiff moves to restore the case to the trial calendar. |
| September 11, 1995: | Defense submits opposition to restoration motion. |
| October 13, 1995: | Judge Cohen denies the restoration motion because both sides fail to appear (plaintiff's counsel claims he thought the motion was on submission; defense counsel claims he was in the building looking for plaintiff's counsel). |
| May 30, 1996: | Plaintiff is served with October 13, 1995 order denying restoration motion. |
| June 6, 1996: | Defendant moves to dismiss the action as abandoned; no opposition submitted. |
| June 27, 1996: | Judge Cohen grants the motion to dismiss on default. |

| | |
|---|---|
| July 11, 1996: | Defendant serves plaintiff with June 27, 1996 order dismissing the action as abandoned. |
| August 9, 1996: | Plaintiff alleges that he attempted to move by order to show cause to vacate the dismissal/restore the action to the trial calendar, but that the motion was "never perfected". There is no evidence of this motion in the record. |
| September 10, 1996: | Plaintiff moves to vacate the dismissal and restore the action to the trial calendar. |
| November 12, 1996: | Judge Cohen denies plaintiff's restoration motion, stating that the "proof submitted is insufficient to rebut the presumption of abandonment of this action which has been marked off the calendar two years ago, never properly restored, and dismissed as abandoned this past June". |

CPLR 3404 provides that a case that has been marked off the calendar (e.g., for plaintiff's failure to prosecute), and not restored within one year, shall be deemed abandoned. However, the statute merely creates a presumption of abandonment, which is rebuttable by proof that litigation is actually in progress (*Chin v Ying Ping Fung*, 126 AD2d 415, 416). To overcome this presumption, plaintiff must demonstrate a meritorious cause of action, a reasonable excuse for the delay, the absence of prejudice to the opposing party and a lack of intent to abandon the action (*Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 722, *appeal dismissed* 69 NY2d 874).

Under CPLR 2005, law office failure is no longer a *per se* unreasonable excuse for a party's default or delay. The extent of counsel's negligence must instead be weighed against the merits of the claim and the lack of prejudice to the other side. "A client should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice * * * [and] the complaint has merit" (*Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334).

Here, plaintiff's counsel was negligent, but not willfully in default, when he repeatedly failed to learn the time and place of his required pre-trial court appearances and neglected to follow proper procedures for opposing defendant's efforts to

dismiss the case. Nevertheless, in *Martinez v New York City Tr. Auth.* (183 AD2d 587), we restored an action to the trial calendar despite the "egregious" negligence of plaintiff's attorneys, because plaintiff had shown a lack of prejudice and made out a meritorious prima facie case.

Similarly, in *Rosado v New York City Hous. Auth.* (183 AD2d 640, 641), we restored a case that had been stricken two years earlier, due in part to plaintiff's counsel's failure to appear at pre-trial proceedings and failure to argue the restoration motion. Focusing on the fourth factor, plaintiff's lack of intent to abandon the action, we concluded that "[c]ounsel's letters of inquiry to his adversary concerning the progress of discovery and need to set a timetable for restoring the action, in addition to continued motion practice, demonstrate[d] his interest in pursuing the litigation" after the case was marked off (*supra,* at 642).

In the case at bar, after the court marked the case off the calendar in August 1994, plaintiff engaged in sufficient discovery and motion practice to demonstrate an intent to pursue the litigation. In October and November 1994, plaintiff exchanged two medical reports with defendant. In June 1995, within the one-year limit set forth in CPLR 3404, plaintiff moved to restore the action to the calendar, a motion which was denied due to *both* parties' failure to appear. Subsequently, plaintiff's counsel made repeated (if not particularly competent) attempts to restore the action.

The record shows that plaintiff, defendant and the building manager (i.e., most, if not all, of the relevant witnesses) have already been deposed, and that plaintiff has provided defendant with the medical reports detailing his injuries. Thus, this is not a case where the lapse of time causes prejudice to the other side because eyewitnesses no longer recall the event clearly (*cf., Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d, *supra,* at 722). Any prejudice suffered by defendant is too slight to justify denying plaintiff's motion. However, in light of the lapse of time and plaintiff's counsel's lack of diligence, we deem it appropriate to require the plaintiff's attorney to pay the defendant $5,000, as a condition to restoring the action to the trial calendar. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.