■ GEORGE NICHOLOS, Appellant, v CASHELARD RESTAURANT, INC., Doing Business as BLARNEY STONE RESTAURANT, et al., Respondents, et al., Defendants. [672 NYS2d 98] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about October 24, 1996, which granted defendant-respondent Cashelard's motion and defendant-respondent City of New York's cross motion to dismiss plaintiff's complaint pursuant to CPLR 3404, and denied plaintiff's cross motion to strike defendants-respondents' answers and to restore the action to the calendar, unanimously modified, on the law, the motion and cross motion to dismiss denied, the complaint reinstated and plaintiff's cross motion granted to the extent that the action is restored to the calendar, and otherwise affirmed, without costs.

On July 16, 1985, plaintiff suffered serious injuries, including the loss of his left eye, after he was allegedly assaulted in the Blarney Stone Restaurant, which is owned by defendant Cashelard Restaurant, Inc. (Cashelard). Plaintiff claims that the bartender, defendant John McDermott, and several employees and patrons perpetrated the assault. On December 6, 1985, plaintiff returned to the Blarney Stone Restaurant and was subsequently arrested by New York City Police Officer Kenneth Rourke for disorderly conduct and resisting arrest. Plaintiff served a Notice of Claim dated March 5, 1986 on the City of New York (City). By verified complaint dated June 26, 1986, plaintiff commenced the instant action against the named

defendants for damages arising out of both the July 16th and December 6th incidents. The complaint alleged causes of action for assault and battery, violation of the Dram Shop Act and false arrest against Cashelard, and assault and false arrest against the City and Police Officer Rourke (collectively City defendants). The City defendants and Cashelard answered on August 4, 1986 and December 9, 1986, respectively.

The parties engaged in discovery over the next several years, and preliminary conference orders were issued in February 1988 and April 1990. On January 3, 1994, plaintiff moved for an order compelling discovery, or, in the alternative, striking defendants' answers. By order dated January 28, 1994, the IAS Court conditionally struck defendants' answers if defendants failed to comply with plaintiff's discovery demands within 45 days, and directed plaintiff to file a note of issue within 60 days, if defendants' answers were not stricken before then. Plaintiff filed a note of issue on April 19, 1994.

On May 9, 1994, Cashelard moved to strike the action from the calendar and to vacate the IAS Court's January 28, 1994 conditional order. On June 6, 1994, plaintiff cross-moved for an order striking defendants' answers and setting the case down for an inquest, and, on June 10, 1994, moved again for an order compelling discovery. By order dated August 8, 1994, the IAS Court denied Cashelard's motion and, for a second time, conditionally granted plaintiff's cross motion unless defendants complied with all outstanding discovery requests within 30 days. The court stated that failure to comply would result in "automatic" striking of defendants' answers, and directed plaintiff to settle an order to that effect.

After the case was adjourned several times based on the outstanding discovery matters, on December 5, 1994, the IAS Court marked the case off the calendar after plaintiff's counsel requested an adjournment because the attorney handling the matter, counsel's husband and law partner, was attending to his ill father.

On February 6, 1996, Cashelard moved to dismiss the action pursuant to CPLR 3404, on the ground that plaintiff had abandoned the action by failing to move to restore to the calendar within one year after it had been marked off. On March 22, 1996, the City cross-moved for the same relief. On April 2, 1996, plaintiff cross-moved for an order, *inter alia,* striking defendants' answers or, alternatively, restoring the action to the trial calendar. Simultaneously, plaintiff moved, before a different IAS Judge (who had previously issued the orders conditionally striking defendants' answers), for an order

striking the City's answer. That IAS Judge granted plaintiff's motion on May 22, 1996, striking the City's answer and directing that an inquest be held following the conclusion of the trial against Cashelard.

In the order appealed from, the IAS Court (which had not struck the City's answer) granted both defendants' motions to dismiss the action, and denied plaintiff's cross motion to strike defendants' answers and to restore the action to the calendar. The court ruled that plaintiff had failed to rebut the presumption of abandonment under CPLR 3404 since there was no litigation actually in progress during the period the case was marked off. The court further found that plaintiff failed to demonstrate the merit of his causes of action, or that a reasonable excuse existed for his failure to timely restore the case. The court also stated that the striking of the City's answer did not excuse the plaintiff's failure to meet the requirements for restoration under CPLR 3404. We reverse.

A case that has been marked off or stricken from the calendar and has not been restored within one year is deemed abandoned under CPLR 3404 (*see, Weiss v City of New York*, 247 AD2d 239; *Syndicate Bldg. Corp. v Lorber*, 193 AD2d 506, 507). However, the presumption of abandonment may be rebutted by proof of litigation actually in progress (*Syndicate Bldg. Corp. v Lorber, supra,* at 507; *Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 721, *appeal dismissed* 69 NY2d 874).

"[O]nce a case is dismissed pursuant to CPLR 3404, a party seeking to restore the case to the trial calendar must demonstrate that the case has merit, that a reasonable excuse for the delay exists, the absence of an intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored to the trial calendar (*Kopilas v Peterson*, 206 AD2d 460, 461; *Civello v Grossman*, 192 AD2d 636)." (*Ware v Porter*, 227 AD2d 214, 214-215.)

Plaintiff has fulfilled his burden of establishing these four requirements for restoration. Although plaintiff submitted an unsigned, unsworn affidavit of merit, the verified complaint and bill of particulars reveal that plaintiff was seriously and permanently injured in a dispute with defendant Cashelard's employee. The pleadings further show that despite being the victim of an assault, it was plaintiff who was arrested by the police. These allegations were sufficient to demonstrate the potential merit of plaintiff's causes of action for assault and false arrest (*see, Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281, 284; *Henne v Lefrak*, 246 AD2d 628). We also find that the delay was excusable, given the numerous family trag-

edies suffered by plaintiff's counsel, a husband and wife law firm (*see, O'Boye v Consolidated Edison*, 168 AD2d 219). Even if the entire period of counsel's delay was not excusable, " '[a] client should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice * * * [and] the complaint has merit' " (*Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355, quoting *Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334).

Plaintiff has further established his intent not to abandon the action, despite the limited activity during the period the case was marked off. In late December 1994, three weeks after the case was struck, the City finally produced the personnel records of two police officers for in camera review by the court. This discovery request had been made by plaintiff several years before, and plaintiff did not receive the court's order denying disclosure until March 2, 1995. Also, once defendants filed their dismissal motions, plaintiff promptly responded with a cross motion seeking to restore the action and to strike defendants' answers. Given that the defendants contributed to the inordinate delays in this case by repeatedly failing to comply with outstanding discovery requests despite court orders to do so, we believe that plaintiff's limited activity during the relevant period was sufficient to rebut the presumption of abandonment (*see, Henne v Lefrak, supra; Weiss v City of New York, supra* [plaintiff's continued attention to outstanding matters during the interim sufficiently evinced his continued interest in the litigation]).

For similar reasons, plaintiff has demonstrated an absence of prejudice to defendants if the action is restored. Although one police officer involved in the December 6th incident has retired and another has died (*see, Ware v Porter, supra*, at 215 [defendant prejudiced by seven-year delay since accident and death of defendant's material witness]), and defendant Cashelard has dissolved and many of its records have been lost, these events have prejudiced plaintiff far more than defendants. Plaintiff must now attempt to establish his causes of action 13 years after the events occurred, without the benefit of material witnesses and the employee records he requested in order to locate them. As the "over-all circumstances" in this matter clearly militate in favor of restoration (*Ronsco Constr. Co. v 30 E. 85th St. Co., supra*, at 284), we reverse and grant plaintiff's cross-motion to restore the action to the trial calendar.

As the City did not appeal the order, issued by another IAS Judge, striking its answer, it is not before us on appeal and we do not address the propriety of that ruling. Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.