■ STEVEN RAMPUTI et al., Appellants, v TIMKO CONTRACTING CORP. et al., Respondents. (And a Third-Party Action.) [691 NYS2d 432] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about January 14, 1998, which denied plaintiffs' motion to restore the action to the court's calendar and granted defendants-respondents' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiffs' motion granted, defendants' motion denied and the action restored to the calendar.

Plaintiff Steven Ramputi was injured in an explosion at a construction site on October 17, 1990. He commenced the instant action for personal injuries against Timko Contracting Corp., the general contractor, and Milford Management Corp., the owner of the property. On June 5, 1996, plaintiff's counsel failed to appear at a scheduled calendar call and the case was stricken from the calendar. Nevertheless, plaintiff continued with discovery by taking additional depositions on July 2, 1996, and defendants took the deposition of one of plaintiff's co-workers on October 21, 1996. Plaintiff served an additional notice of discovery and inspection upon defendant Timko on November 20, 1996.

Plaintiffs assert that they first became aware that the case had been stricken on August 5, 1997, when they attempted to file a motion to compel discovery and the clerk refused to accept the papers. Plaintiffs filed their motion to restore the case 2 days later, claiming that the missed calendar call resulted from law office failure, and that the continuation of discovery during the period after the case had been stricken demonstrated the lack of intent to abandon the action. The IAS Court denied the motion to restore upon the ground that plaintiffs had failed to establish that the delay "was excusable or de minimis."

CPLR 3404 provides that a case that has been marked off the calendar and not restored within one year shall be deemed abandoned (*Weiss v City of New York*, 247 AD2d 239, 240; *Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355). However, the statute merely creates a presumption of abandonment, which is rebuttable by proof that litigation is actually in progress (*Sanchez v Javind Apt. Corp.*, *supra*, at 355). In order to restore the action, the plaintiff must demonstrate a meritorious cause of action, a reasonable excuse for the delay, the absence of prejudice to the opposing party and a lack of intent to abandon the action (*supra*).

Denial of plaintiffs' motion to restore was an improvident exercise of discretion. Plaintiffs clearly rebutted the presumption of abandonment by producing evidence of their continued participation in discovery proceedings during the period when the case was marked off the calendar (*see*, *Nicholos v Cashelard Rest.*, 249 AD2d 187, 190; *Weiss v City of New York*, *supra*, at 241). Plaintiff's deposition testimony and bill of particulars were sufficient to establish the merit of plaintiffs' causes of actions sounding in negligence and for violations of the Labor Law (*see*, *Lebron v New York City Hous. Auth.*, 257 AD2d 541; *Nicholos v Cashelard Rest.*, *supra*, at 189), notwithstanding

the absence of a formal affidavit of merit from plaintiff himself (*see*, *Zabari v City of New York*, 242 AD2d 15, 17).

Additionally, and contrary to the determination of the IAS Court, the delay in moving to restore the action was both excusable and relatively brief. Law office failure may constitute a reasonable excuse for the delay in restoring an action (*Muhammed v Manhattan Payment Ctr.*, 251 AD2d 228), especially where, as here, the extent of counsel's negligence is outweighed by the merits of the claim and the lack of prejudice to the other side (*Sanchez v Javind Apt. Corp.*, *supra*, at 355). Moreover, both parties' continued participation in discovery demonstrates the credibility of their explanation that they inadvertently missed the calendar call and never intended to abandon the action (*see*, *Muhammed v Manhattan Payment Ctr.*, *supra*). Concur—Rosenberger, J. P., Mazzarelli, Lerner and Rubin, JJ.