We conclude that the sentence was not based on any improper criteria.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL MONTALVO, Appellant. [706 NYS2d 630] —Order, Supreme Court, New York County (Charles Tejada, J.), entered on or about November 30, 1998, which denied defendant's motion made pursuant to CPL 440.10 to vacate the judgment of the same court (Alvin Schlesinger, J.), rendered June 15, 1994, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 6 to 18 years, unanimously affirmed.

Defendant's motion was properly denied (*see,* CPL 440.30 [4]). Defendant's moving papers did not establish that he was denied his right to effective assistance of counsel at any stage of the proceedings (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Wiggins*, 89 NY2d 872). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.

■ GOLDBERG, WEPRIN & USTIN, Respondent, v SOLOMON J. BORG et al., Appellants. [707 NYS2d 40] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 10, 1999, which granted plaintiff's motion to restore the matter to the calendar, unanimously affirmed, with costs.

It is undisputed that this case was marked off the calendar due to the failure of both parties to appear at a pre-trial conference in June 1997 and the erroneous belief of both parties that the case was to be placed by the court on the Referee's calendar for determination of the issue of damages. Plaintiff, a law firm, did not become aware that the case had been marked off the calendar until August 1998, after reviewing the files of one of its former attorneys, who left the firm under strained conditions and without informing plaintiff that the case had been marked off the calendar. Plaintiff's delay in restoring the case was properly excused in view of the clear merits of the case, i.e., plaintiff having obtained summary judgment on the issue of liability, the absence of an intent to abandon on plaintiff's part, and the lack of prejudice to defendants (*see,* CPLR 2005;

*Sanchez v Javind Apt. Corp.*, 246 AD2d 353). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.