■ MARJORIE ROSENKRANTZ, Respondent, v MICHAEL F. ERDHEIM, Appellant. [707 NYS2d 831] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 21, 1999, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3404 for plaintiff's failure to prosecute her action during the four years the action was marked "off calendar," and restored the action to the trial calendar, unanimously affirmed, without costs.

Since at the time this action was marked off the calendar, a stay of the action was in effect, and plaintiff's verified complaint and bill of particulars assert a meritorious claim for legal malpractice, the motion to dismiss for want of prosecution was properly denied (see, Ramputi v Timko Contr. Corp., 262 AD2d 26, 27, citing Sanchez v Javind Apt. Corp., 246 AD2d 353, 355). We find no demonstrable prejudice to defendant by reason of the period between the date the action was marked "off calendar" and defendant's motion, since defendant's defense will in all likelihood be based principally on his personal notes and the court files of plaintiff's matrimonial action. In light of the continuing viability of plaintiff's malpractice claim, the prior judgment in defendant's favor stemming from defendant's counterclaim for legal fees should remain stayed pending resolution of the main action. Concur—Williams, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BAZEMORE, Appellant. [707 NYS2d 831] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered February 6, 1997, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 4 to 12 years, unanimously affirmed.

The People sufficiently complied with CPL 240.45 (1) (b) by turning over to defendant a copy of the complainant's NYSID record, and the People were not obligated to also obtain and produce certificates of conviction (compare, People v Moore, 244 AD2d 776, lv denied 91 NY2d 975, with People v Clark, 194 AD2d 868, 869, lv denied 82 NY2d 752; see also, CPL 60.60 [2]). In any event, defendant was not prejudiced by the lack of certificates of conviction or by the court's refusal of his request for a mid-trial adjournment to obtain such certificates. Defendant was apprised of the complainant's convictions and was able to make effective use of that information on cross-examination and summation. Concur—Mazzarelli, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.