(December 19, 2000)

█ GUS BEVONA, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Appellant, v DAVID LIPTON/31 WEST 47TH STREET Co. et al., Respondents. [717 NYS2d 589] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about August 25, 1999, which denied petitioner's motion to restore to the court calendar his petition to confirm an arbitration award, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the petition reinstated.

Petitioner has demonstrated that his case was meritorious, that he had a reasonable excuse for the delay, that there was no intent on his part to abandon the matter, and that there was no prejudice to the opposing party (CPLR 3404; *Ramputi v Timko Contr. Corp.*, 262 AD2d 26). It is apparent that law office failure explains the delay in moving to restore. In light of the merits of the petition and the absence of prejudice to

respondents, the law office failure constitutes a reasonable excuse for the delay (CPLR 2005; *Sanchez v Javind Apt. Corp.*, 246 AD2d 353). Had he been given leave to renew his motion to restore, petitioner could have demonstrated that his petition to confirm was meritorious by submitting, as he did on appeal, the arbitration award and the 1990 Commercial Building Agreement between Local 32B-32J and the Realty Advisory Board on Labor Relations. The award found that respondents had breached the Agreement by failing to pay employee Jose M. Rivera the correct contractual wage rate and failing to make contributions to the various union funds on his behalf, and directed respondents to pay $15,623.69 in back wage differential and overtime pay to Rivera and a total of $9,917.60 to the health, pension and annuity funds. Since this is not a case in which evidence and witnesses' recollections must be preserved (*cf., Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, *appeal dismissed* 69 NY2d 874), there is little, if any, prejudice to respondents resulting from the passage of time.

We have considered respondents' remaining arguments and find them to be without merit. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.