■ ERNEST ENAX, Appellant, v NEW YORK TELEPHONE COMPANY et al., Respondents and Third-Party Plaintiffs-Respondents. CASMIC SHEET METAL, INC., Sued Herein as COSMIC SHEET METAL, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [720 NYS2d 126] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 20, 1999, which denied plaintiff's motion to vacate the dismissal of the action and to restore it to the trial calendar, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted and the action restored to the trial calendar.

On February 22, 1990, plaintiff Ernest Enax, an employee of third-party defendant Casmic Sheet Metal, Inc. (Casmic), was injured in the course of installing ductwork for a new air-conditioning system in a building located at 230 West 36th Street, New York, N. Y., when the ladder he was standing on collapsed. In September 1990, plaintiff commenced this action based on common law negligence and violations of the Labor Law against defendant C.P. Construction Corp. (Construction), the general contractor, and defendant New York Telephone Company (NYTC), the owner of the building. Plaintiff was represented by the law firm of Segan, Culhane, Nemrov & Singer, P. C., until plaintiff replaced it with the law firm of Stickel & Bellovin, Esqs., on or about February 1992.

On April 8, 1993, defendants NYTC and Construction commenced a third-party action against Casmic and United Air Conditioning (United Air). When Casmic filed for bankruptcy on March 11, 1994, all proceedings were stayed pending the outcome of the bankruptcy proceedings. Plaintiff also filed for bankruptcy, and the bankruptcy trustee retained Thomas A. Stickel, of Stickel & Bellovin, Esqs., as special counsel, to continue with the representation of this case.

On March 11, 1996, the IAS Court dismissed this case pursuant to CPLR 3404 because of Mr. Stickel's failure to appear at a scheduled status conference. By this time, a preliminary conference had taken place, and plaintiff had served bills of particulars on NYTC, Casmic, and Construction, which had also been deposed by plaintiff.

On or about November 4, 1996, Mr. Stickel moved to restore the case to the trial calendar, arguing that the notice of the status conference had been sent to the Segan firm, which motion the IAS Court denied, without prejudice to resubmission upon proof that the stay had been vacated. The stay was lifted on September 1997. A month or two later, plaintiff sought to substitute the Segan firm as his counsel. According to the Segan firm, it learned for the first time about the dismissal and the denial of the motion to restore it to the trial calendar shortly after it was officially substituted, which is when it received the opposition to its motion to sever the third-party action against Casmic, and for leave to proceed against the remaining defendants. The Segan firm, therefore, withdrew the motion to sever the action against Casmic, and instead moved to vacate the dismissal of the case and to restore it to the trial calendar on January 1999, which the IAS Court denied. The IAS Court found that plaintiff's claim lacked merit, plaintiff failed to monitor Casmic's bankruptcy proceedings, and plaintiff's long delay in bringing the January 1999 motion worked to prejudice defendants. We disagree.

It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action (*see Muhammed v Manhattan Payment Ctr.,* 251 AD2d 228; *Ramputi v Timko Contr. Corp.,* 262 AD2d 26). This case satisfies all four requirements.

Plaintiff's affidavit of merit as well as counsel's affirmation were sufficient to establish viable claims under sections 240 (1) and 241 (6) of the Labor Law. In his affidavit, plaintiff states the time, date, and location of the accident; what he was doing when the ladder collapsed; and that he was injured as a result of the fall from the ladder. The affirmation of plaintiff's counsel cites to specific regulations that were violated. The affidavit together with the affirmation meets the minimal showing necessary in actions seeking restoration to the trial calendar.

The delays in this case were not unreasonable, as they were caused not by lack of interest in the case, but by confusion stemming from the bankruptcy proceedings against Casmic,

and the switching of law firms representing plaintiff. This Court has often held that a plaintiff should not be deprived of the important right to have his or her case decided on the merits because of law office failure, where, as here, the complaint has merit and the other party cannot show prejudice (*see Nicholos v Cashelard Rest.*, 249 AD2d 187, 190, quoting *Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355).

Defendants may not claim that there was any time throughout this action when they were on notice that this action was dismissed permanently, and thus would be prejudiced by reinstatement of the action. At best, they may claim that from September 1997, when the bankruptcy stay was lifted, to sometime late in 1998, when they learned of plaintiff's attempt to go forward without Casmic, that they did not know whether plaintiff would seek to reinstate the case to the trial calendar.

Finally, intent not to abandon the case is shown by the efforts of plaintiff's lawyers to keep the action alive, despite the confusion. When Mr. Stickel failed to appear at the conference and the case was dismissed, he moved to have the action restored. When the Segan firm was reinstated, it made a motion, and then it made another motion when it learned that the bankruptcy stay had been lifted. These motions demonstrate a lack of intent to abandon (*see Nicholos, supra,* at 189). Concur—Rosenberger, J. P., Saxe, Buckley and Friedman, JJ.