■ DIQUAN PETERSON, an Infant, by His Parent and Natural Guardian, WILHELMINA PETERSON, et al., Appellants, v CITY OF NEW YORK, Respondent. [730 NYS2d 58] —Order, Supreme Court, New York County (Michael Stallman, J.), entered April 10, 2000, which denied plaintiffs' motion to restore the case, deemed dismissed pursuant to CPLR 3404, to the calendar and to permit plaintiffs to file a note of issue, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the motion granted. Plaintiffs shall not file their note of issue until after the expiration of 90 days from service of this order, with notice of entry, during which time the defendant is to complete all outstanding discovery.

This action, brought on behalf of an infant by his parent and by the parent, individually, against the City of New York for personal injury, including neurological damage to the infant and derivative loss, respectively, arising out of the infant's ingestion of lead paint, was commenced in October of 1995 and, apparently unbeknownst to the parties, marked off the calendar in June of 1997 as the result, plaintiffs claim, of clerical error. In July of 1997, plaintiffs' new counsel moved to amend the caption to substitute the infant's mother as his guardian in place of his father, to substitute counsel and to extend the time to file the note of issue. The motion was granted without opposition, at least to the extent of substitut-

ing the mother as guardian. Although a bill of particulars has been served, relevant Department of Health Records obtained, and depositions of the parties taken, including that of plaintiff mother and a representative of the City, as well as a General Municipal Law § 50-h examination of the father conducted, plaintiffs have failed to take any action in this matter, which was deemed dismissed pursuant to CPLR 3404 in June of 1998, from July 1997, when they moved, as noted, until February 15, 2000, when they moved to restore the action. In support of their motion, plaintiffs noted the serious nature of the action and their confusion as to why the case was marked off the calendar. In opposition, the City argued that plaintiffs failed to demonstrate merit to the action, a reasonable excuse for the delay, a lack of intent to abandon the action and lack of prejudice to the City. In reply, plaintiffs argued that the City could not claim prejudice as a result of any delay in the prosecution of the action, citing the fact that both parents had been deposed. In addition, plaintiffs submitted an affidavit of merit from the plaintiff mother alleging that she observed peeling paint in her apartment before the infant's birth on July 27, 1994 and that she gave notice of the condition to the owner of the building, which failed to remove the paint until after the infant was diagnosed with the poisoning more than nine months after his birth. The IAS court denied the motion, finding neither merit to the action nor sufficient excuse for the delay in moving to restore, as well as prejudice as a consequence thereof. We reverse.

Pursuant to CPLR 3404, a case marked off the calendar and not restored within one year is deemed abandoned and is subject to dismissal for neglect to prosecute. (*Rosado v New York City Hous. Auth.*, 183 AD2d 640.) To prevail on a motion to restore after more than a year has elapsed requires a showing of a meritorious cause of action, lack of prejudice to the opposing party, a reasonable excuse for the delay and lack of intent to abandon the action. (*Id.*; *Sanchez v Javind Apt. Corp.*, 246 AD2d 353.) Whether to grant such a sanction lies within the sound discretion of the court. (*Carter v City of New York*, 231 AD2d 485.)

In that regard, the allegations set forth in the mother's affidavit, belatedly submitted and apparently ignored by the IAS court for that reason, were sufficient to show merit. (*See, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628.) Inasmuch as the City has been served with a timely notice of claim, received a bill of particulars as early as December 1995 and examined both parents under oath prior to dismissal, prejudice due to

plaintiffs' inactivity cannot be presumed. It should be noted that the City, in opposing the motion, did not identify any particular prejudice, aside from the mere passage of time, which is legally insufficient. (*See, Campbell v Yanoff*, 273 AD2d 166; *Cappel v RKO Stanley Warner Theaters*, 61 AD2d 936.) Moreover, since the matter was marked off the calendar for reasons unrelated to plaintiffs' default or neglect, a relevant factor in determining whether the presumption of abandonment has been rebutted (*see, Hillegass v Duffy*, 148 AD2d 677, 680), and since plaintiffs are able to show at least some activity during the year after the case was marked off, we are loath to find an abandonment. While plaintiffs' failure to offer an excuse for the 2½-year period of inactivity in the prosecution of the case is troubling, the infant should not be deprived of his day in court, given the arguable merit of his claim and lack of prejudice to the City. (*See, Sanchez v Javind Apt. Corp., supra*, 246 AD2d 353.)

In light of all the circumstances, the case should be permitted to proceed. (*See, Kisch v St. Vincent's Hosp. & Med. Ctr.*, 279 AD2d 341.) We recognize that the City is entitled to further discovery and have provided accordingly. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.