■ DANIEL EBENSTEIN, Appellant, v COLE CAB CORP. et al., Respondents, et al., Defendant. [733 NYS2d 18] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about November 2, 2000, which denied plaintiff's motion to vacate the CPLR 3404 dismissal of this action and extend the time to file a note of issue, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted. Plaintiff shall not file his note of issue until after the expiration of 90 days from service of this order, with notice of entry, during which time all outstanding discovery shall be completed.

Given the totality of the circumstances, Supreme Court erred in denying, without explanation, vacatur of the CPLR 3404 dismissal at issue (*see, Peterson v City of New York*, 286 AD2d 287). Plaintiff sufficiently demonstrated that his case was meritorious, that there was a reasonable excuse for the delay, that there was no intent to abandon the matter, and that there was no prejudice to defendants (*see, Peterson v City of New York, supra*; *Ramputi v Timko Contr. Corp.*, 262 AD2d 26; *Nicholos v Cashelard Rest.*, 249 AD2d 187).

In this regard, plaintiff's submissions indicated that he suffered serious facial injuries and fractured teeth when the taxi cab in which he was a passenger was involved in a head-on collision with defendant Acosta's vehicle. As to the delay in seeking to vacate the default, any such delay seems to have resulted from legitimate confusion regarding the status of the case, and, considering that there was at least some legal activity during the year after the case was dismissed, it cannot be said that plaintiff abandoned this action (*see, Peterson v City of New York, supra*). Finally, we fail to perceive any prejudice resulting from the delay in seeking to vacate the dismissal. Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.