■ ELLEN LOFTUS, Appellant, v NORMAN CHAMP et al., Respondents, et al., Defendants. [736 NYS2d 32] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered April 6, 2001, which granted plaintiff's motion to reargue an order of the same court and Justice, entered November 2, 2000, and upon reargument dismissed her complaint for lack of prosecution, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for further proceedings. Appeal from the aforesaid order entered November 2, 2000 unanimously dismissed, without costs, as superceded by the appeal from the order of April 6, 2001.

Plaintiff sustained personal injuries when the taxicab in which she was a passenger was hit in the rear during a three-vehicle collision. The case was ready for trial, with discovery completed, when two defendants died and the case was marked off the calendar. The parties stipulated to discontinue the action against the deceased defendants and to restore it to the calendar as to the surviving defendants. This plan was attempted but, apparently, rejected by the court clerk in that the stipulation to restore had not been so ordered. Plaintiff apparently was unaware, though, that the matter had not been restored. Although there was a lengthy series of delays, caused in part by the death of two of the defendants, the parties, thus,

apparently were under the misimpression that the matter had already been placed on the trial calender and awaited a trial date. The court in its order denied plaintiff's motion to restore the matter to the trial calendar and, upon reargument, dismissed the complaint.

The record does not evince plaintiff's intent to abandon the action (*Zabari v City of New York*, 242 AD2d 15). The presumption of abandonment is rebutted here (*Ramputi v Timko Contr. Corp.*, 262 AD2d 26). The circumstances of this case establish its merit (*see, Ebenstein v Cole Cab Corp.*, 288 AD2d 84), there is a reasonable excuse for the delay arising from law office failure (*Ramputi, supra; Rutger Fabrics Corp. v United States Laminating Corp.*, 111 AD2d 40) and there is no showing of prejudice to the opposing party (*Sanchez v Javind Apt. Corp.*, 246 AD2d 353), especially insofar as all parties have been deposed (*Sanchez, supra; Peterson v City of New York*, 286 AD2d 287).

Accordingly, we reverse and direct that the matter be restored. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.