■ ELWOOD WERNER, Appellant, v TIFFANY & Co., Respondent. [738 NYS2d 326] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered November 29, 2000, which, in an action for unlawful discrimination, denied plaintiff's motion to restore the case to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the complaint reinstated.

On December 8, 1997, after filing a note of issue, this action alleging discrimination based upon perceived sexual orientation was marked off the trial calendar, upon the parties' agreement that further disclosure was warranted. In April 1998, defendant took plaintiff's deposition, and plaintiff sent defendant a letter seeking to adjourn the deposition of other witnesses. On December 15, 1998, the action was dismissed pursuant to CPLR 3404 by operation of law. Plaintiff's counsel was not aware of the dismissal until April 13, 2000. On April 17, 2000, plaintiff moved to restore the action. The court denied the application. We reverse.

Plaintiff has presented sufficient evidence to rebut the presumption of abandonment pursuant to CPLR 3404 by demonstrating, as required: (1) that the underlying action has merit; (2) a reasonable excuse for the delay in making the restoration motion; (3) the absence of an intent to abandon the ac-

tion; and (4) a lack of prejudice to the defense (*Ware v Porter*, 227 AD2d 214, 214-215).

First, as to the merits, plaintiff's complaint, as amplified by his affidavit annexed to its motion papers, provided a detailed narrative sufficient to support a claim that the defendant had violated Administrative Code of the City of New York § 8-107 (1) (a), which prohibits unlawful discriminatory practices based upon perceived sexual orientation (*Peterson v City of New York*, 286 AD2d 287; *Indrunas v Escher Constr. Co.*, 277 AD2d 28).

Second, law office failure caused the delay in moving to restore the case. Counsel misplaced his calendar, and in the process of trying to reconstruct his commitments, he forgot to include the deadline for restoration of this case. Counsel's mistake should not inure to the detriment of his innocent client (*Enax v New York Tel Co.*, 280 AD2d 294, 296; *Salzano v Mastrantonio*, 267 AD2d 5, 5-6; *see also, Palermo v Lord & Taylor*, 287 AD2d 258), especially where, and as relevant to the third requirement for restoration, during the period that the case lay dormant, plaintiff diligently continued to meet with his lawyer and to discuss document requests and depositions with him on the phone (*see, Nicholas v Cashelard Rest.*, 249 AD2d 187).

Finally, the passage of time alone does not prove prejudice (*see, Peterson, supra* at 289). Defendant asserts that some of the witnesses are no longer employees at the company, and that the memories of others may have faded in the over six years between the filing of the complaint and the determination of the motion to restore the action. However, defendant has not set forth that it can no longer locate the witnesses who are no longer in its employ. Further, in its answer, defendant asserted a counterclaim seeking a declaratory judgment that plaintiff's termination was lawfully induced by his own misconduct. In support of its counterclaim, defendant stated that it had conducted interviews and collected written statements from company employees, the absence of at least one of whom was cited in opposition to the restoration motion as a source of prejudice.

Because plaintiff has sufficiently demonstrated all four requirements for rebutting a presumption of abandonment, we reinstate the complaint for a trial on the merits (*Salzano, supra; Nicholas, supra* at 190). Concur—Williams, J.P., Mazzarelli, Rosenberger, Wallach and Lerner, JJ.

■ Cynthia B. Brown, Individually and as Administratrix of the Estate of Rodney W. Brown, Deceased, Appellant, v Ste-