■ GROUP III CAPITAL, INC., Appellant, v DALE W. LANG et al., Respondents. [740 NYS2d 199] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 16, 2000, which, inter alia, denied plaintiff's motion to restore its action and deemed the complaint dismissed, unanimously reversed, on the law, without costs, the complaint reinstated, plaintiff's motion granted to the extent of restoring the matter to the active prenote calendar, and the remainder of the motion remanded to the IAS court for decision regarding the discovery relief requested.

This breach of contract action, having been marked off the court's prenote calendar, could not properly be dismissed pursuant to CPLR 3404. That provision is inapplicable to the present matter because no note of issue had been filed (*Johnson v Minskoff & Sons*, 287 AD2d 233; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, *lv dismissed* 96 NY2d 937). The motion court therefore erred in reasoning that the marked-off case had been automatically dismissed for failure to restore the action within one year of the mark-off date pursuant to CPLR 3404, and that restoration of the action was permissible only where plaintiff successfully demonstrated a meritorious claim, a reasonable excuse for the delay, a lack of intent to abandon the action, and absence of prejudice (citing *Sanchez v Javind Apt. Corp.*, 246 AD2d 353).

Accordingly, the order must be reversed, the matter restored to the prenote calendar, and the discovery issues raised in the motion decided by the IAS court. Concur—Saxe, J.P., Buckley, Sullivan, Rosenberger and Ellerin, JJ.