■ LUIS A.A. BURGOS, Appellant, v 2915 SURF AVE. FOOD MART, INC., Respondent. (And a Third-Party Action.) [748 NYS2d 738] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered July 10, 2001, which denied the motion by plaintiff to restore the action to the trial calendar pursuant to CPLR 3404, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted and the complaint reinstated. Appeal from order, same court and Justice, entered on or about October 28, 2001, which denied the motion by plaintiff for leave to "renew," unanimously dismissed, without costs, as taken from a nonappealable order.

Pursuant to a court notice mailed to the parties, the IAS court initially scheduled a status conference for September 20, 1999. This notice required that if a note of issue had been filed in the action, the parties were directed to complete a form located on the last page of the court notice and return it to the Supreme Court no later than five days prior to the scheduled conference date. Absent further notification, the action would be removed from the status conference calendar and counsel would not need to appear on the scheduled conference date. Since September 20, 1999 was a religious holiday, the conference was rescheduled to October 7, 1999.

On September 29, 1999, plaintiff's counsel complied with the court's notice, stating that a note of issue was filed on January 19, 1999 and requesting that the action be removed from the status conference calendar. Defendant's counsel appeared, however, at the conference scheduled for September 20, 1999 and the matter was adjourned to January 7, 2000. Neither the court nor defendant's counsel advised plaintiff's counsel of the adjourned date of the conference. On January 7, 2000, the ac-

tion was marked off the trial calendar based on plaintiff's failure to appear.

Approximately 14 months after the action was marked off, plaintiff's counsel moved to restore the action to the trial calendar. The IAS court denied the motion, finding that plaintiff had failed to demonstrate a reasonable excuse for the delay in moving to restore. Likewise, the IAS court denied plaintiff's motion for leave to renew. We reverse.

CPLR 3404 provides, in relevant part, that an action which has been marked off the trial calendar, or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed. Despite its mandatory language, CPLR 3404 creates a rebuttable presumption of abandonment upon a showing of: (1) a reasonable excuse for the delay in moving to restore; (2) a meritorious cause of action; (3) an intent not to abandon the action; and (4) a lack of prejudice to the nonmoving party (*see Werner v Tiffany & Co.*, 291 AD2d 305, 305-306; *Leonardelli v Presbyterian Hosp.*, 288 AD2d 105, 106).

It is undisputed that plaintiff has met three of the four factors and the primary issue on appeal is whether plaintiff demonstrated a reasonable excuse for his delay in moving to restore the action. We find that plaintiff has satisfied this requirement and has rebutted the presumption of abandonment. At most, counsel's failure to appear at the status conference constituted law office failure which should not inure to the detriment of his innocent client, particularly where, as here, the action is meritorious and the opponent of restoration cannot demonstrate prejudice (*Werner v Tiffany & Co., id.*).

Although plaintiff's second motion was denominated as one for renewal, it was, in effect, one for reargument, and, as such, plaintiff's appeal from the denial thereof is dismissed as one taken from a nonappealable order. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.