JULIE ANN MURIEL, Appellant, v ST. BARNABAS HOSPITAL, Respondent. [771 NYS2d 107]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 9, 2002, which denied plaintiff's motion to restore the case to the trial calendar, unanimously reversed, on the law,

the facts and in the exercise of discretion, without costs, and the motion granted.

This action alleging emotional injury arose in February 1989, when plaintiff asserts that she was misinformed that she had contracted the AIDS virus. Suit was commenced in 1991, but plaintiff was not deposed until 1996. At that time, she testified that defendant's employee, Dr. Pablo Rodriguez, had misinterpreted the results of a spinal tap, erroneously stating, "You have AIDS." Plaintiff never saw Dr. Rodriguez again, and he has not been deposed in connection with this litigation. The record indicates that before plaintiff obtained a series of tests that proved she was seronegative for HIV, she accused her husband of drug use and infidelity, precipitating the deterioration of the marriage.

In March 1999, following the completion of depositions, a note of issue was filed. In late April 2000, plaintiff's attorney appeared for a pretrial settlement conference, at which time he was informed that the matter would be transferred to another judge for trial. Two weeks later, the case was struck from the trial calendar and one year later, on May 15, 2001, it was dismissed as abandoned. Plaintiff now contends that Supreme Court erred in failing to restore the case following its administrative dismissal (CPLR 3404).

A case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant (*see Werner v Tiffany & Co.*, 291 AD2d 305, 305-306 [2002]; *Solovay v Nicola Paone Corp.*, 219 AD2d 462 [1995]). Plaintiff has satisfied each of the four criteria (*Aguilar v Djonvic*, 282 AD2d 366 [2001]). Defendant has not contested the affidavit of merit submitted by plaintiff's physician except to complain of a lack of corroboration. Nor does defendant assert that plaintiff intentionally abandoned prosecution or deliberately defaulted in the action.

The affirmation of plaintiff's counsel explains that he did not receive notice of the May 15, 2000 conference, at which time the case was marked off calendar. Because defendant hospital had taken the position that this was a "no-pay case," counsel was simply awaiting a trial date (*see Loftus v Champ*, 290 AD2d 268 [2002]), and a prolonged delay is not unusual in Bronx County, a conclusion that defendant does not controvert. While counsel might be faulted for failing to keep track of the status of the case, such an oversight amounts to law office failure, which may be accepted as an excuse for delay (*see Salzano v Mastrantonio*, 267 AD2d 5 [1999]).

Mere passage of time does not establish prejudice (*Peterson v City of New York*, 286 AD2d 287, 289 [2001]; *Campbell v Yanoff*, 273 AD2d 166 [2000]). Defendant has not deposed or produced Dr. Rodriguez. Nor has defendant identified any other party who witnessed the conversations between the doctor and plaintiff. The parties have exchanged medical records, and plaintiff's testimony is memorialized in her deposition. Thus, plaintiff has adequately demonstrated that defendant has not been prejudiced by the faded memories of potential witnesses (*see Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 356 [1998]). Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.