■ Octavio Nunez, Appellant, v Resource Warehousing and Consolidation, Respondent. [775 NYS2d 310]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered November 25, 2002, which denied plaintiff's motion to restore his action to the trial calendar which was dismissed pursuant to CPLR 3404, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered April 25, 2003, which denied his motion denominated as one to renew/reargue the underlying motion, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff commenced this action on or about October 24, 1995 for personal injuries he sustained on September 6, 1994, when a vehicle he was operating collided with a vehicle owned by defendant and operated by one of its employees. According to a police report, the accident occurred when defendant's truck jackknifed, allegedly because a third vehicle suddenly cut it off. Plaintiff, however, attributed the accident to the driver's negligence in speeding, failing to be alert and to observe other vehicles, and failing to observe roadway and traffic conditions or to sound his horn to warn plaintiff of the impending accident. Plaintiff filed a note of issue on April 29, 1997. At a conference on December 8, 1997, however, the case was marked off the trial calendar, and on December 15, 1998 the matter was officially dismissed for neglect to prosecute pursuant to CPLR 3404. According to plaintiff's counsel, she was not made aware that the matter was struck from the trial calendar or dismissed, as she was never served with the order of dismissal, and never advised by defendant that the matter had been dismissed.

In or about December of 2001, plaintiff's attorney learned for the first time of the action's dismissal, and moved to restore the action. The motion court's denial of the motion was in error.

Because it is the policy of this State to allow disposition of cases on their merits where possible, we allow cases to be restored to the trial calendar more than one year after dismissal pursuant to CPLR 3404, as long as the plaintiff establishes: (1) a reasonable excuse for the delay; (2) a meritorious cause of action; (3) a lack of prejudice to defendant should the matter be restored; and (4) an intent not to abandon his action (see Muscarella v Herbert Constr. Co., 2 AD3d 112, 113 [2003]).

As to a reasonable excuse, counsel explains that because she was unable to attend the scheduled December 8, 1997 conference, a per diem attorney appeared in her stead, who then failed to notify her that the matter was marked off the trial calendar.

This law office failure may serve as an adequate excuse for the delay in moving to restore the action, even though the attorney can be faulted for failing to keep track of the status of the case (*see Muriel v St. Barnabas Hosp.*, 3 AD3d 419 [2004]).

Plaintiff's affidavit of merit, the verified complaint and plaintiff's bill of particulars, when taken together along with the police accident report and medical records, establish the necessary showing of the potential merit of plaintiff's cause of action (*see Enax v New York Tel. Co.*, 280 AD2d 294, 295 [2001]).

Plaintiff has demonstrated that he did not abandon this litigation. Indeed, defendant does not refute that both parties appeared for mediation in the year after the dismissal, although no settlement was reached (*see Ebenstein v Cole Cab Corp.*, 288 AD2d 84, 85 [2001]). Plaintiff further asserts that in the course of the mediation proceedings, he began to experience a combination of symptoms such as loss of balance, memory and any ability to manage basic daily activities, which new developments required him to pursue further medical evaluations through November 2001, ultimately confirming the diagnosis of Muniere's disease.

Finally, there is no merit to defendant's claim that it would be prejudiced if the matter were restored to the trial calendar. Defendant does not seriously dispute plaintiff's claim that all discovery in this action was completed, and that the only two witnesses thereto are plaintiff and the driver of defendant's vehicle. Indeed, defendant's claim of prejudice amounts to an allegation that the passage of time, standing by itself, has impaired its ability to defend this action—a claim of prejudice which has been rejected by this Court (*see Peterson v City of New York*, 286 AD2d 287, 289 [2001]). Concur—Tom, J.P., Saxe, Ellerin and Gonzalez, JJ.