*77 OPINION OF THE COURT
Per Curiam.
Order entered October 31, 2003 modified to deny tenant’s cross motion to dismiss and to grant landlord’s motion to the extent of reinstating the petition and restoring the proceeding to the trial calendar; as modified, order affirmed, without costs.
This nonprimary residence holdover proceeding, commenced in December 2001, was marked off the calendar on consent in February 2002 pending completion of discovery. The petitioner landlord’s motion to restore, made approximately 18 months later and after tenant was deposed, should have been granted upon landlord’s (unchallenged) showing of a potentially meritorious claim, a reasonable excuse for the delay in seeking restoration, the absence of an intent to abandon the proceeding, and a lack of prejudice to tenant (see 22 NYCRR 208.14 [c]; see also CPLR 3404).
As a reasonable excuse, landlord’s counsel explains that upon changing from a manual diary system to a computerized one, he “inadvertently” failed to “properly diary the one year deadline for moving to restore this matter to the court calendar.” This species of law office failure may serve as an adequate excuse for the delay in moving to restore the proceeding, “even though the attorney can be faulted for failing to keep track of the status of the case” (Nunez v Resource Warehousing & Consolidation, 6 AD3d 325, 327 [2004]). Landlord also demonstrated that it did not abandon this litigation, in view of the considerable amount of discovery engaged in by the parties, including tenant’s document production which ended nearly a full year after the mark-off date (see McGuire v Tishman Constr. Corp., 275 AD2d 249, 250-251 [2000]). Finally, tenant’s claim of prejudice amounts to an allegation (through counsel) that the passage of time, standing by itself, has impaired her ability to recollect her past “living habits,” a claim of prejudice which is legally insufficient (see Nunez v Resource Warehousing & Consolidation, 6 AD3d at 327).
McCooe, J.P., Davis and Gangel-Jacob, JJ., concur.