(January 17, 2008)

■ STANLEY OKUN, Respondent, v PAUL TANNERS, Appellant.
[849 NYS2d 537]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 11, 2007, which granted defendant's motion to dismiss the action as abandoned unless plaintiff paid defendant's attorney $1,000, and granted plaintiff's cross motion to restore the action to the trial calendar upon the same condition, affirmed, without costs.

The court properly excused plaintiff's failure to attend four pretrial conferences, including the May 9, 2005 conference at which the action was struck from the trial calendar, based on plaintiff's attorney's representation that he did not receive notice of any of the conferences (*see Muriel v St. Barnabas Hosp.*, 3 AD3d 419, 420 [2004]; *cf. Adames v New York City Tr. Auth.*, 126 AD2d 462 [1987]), and on the condition that plaintiff pay defendant's attorney $250 for each missed conference. The court also properly excused plaintiff's subsequent delay in restoring the action to the calendar based on plaintiff's attorney's showing that there was no intent to abandon the case, that defendant was not prejudiced by the delay, and that the action is meritorious (*see Muriel* at 420-421; *Werner v Tiffany & Co.*, 291 AD2d 305 [2002]). Concur—Lippman, P.J., Mazzarelli and Sweeny, JJ.

Gonzalez and McGuire, JJ., dissent in a memorandum by Mc-Guire, J., as follows: In my view, plaintiff failed to demonstrate a reasonable excuse for his delay in seeking to restore the action. Although that failure is alone sufficient to require reversal, plaintiff also failed to demonstrate a lack of intent to abandon the action. Accordingly, I respectfully dissent.

On November 11, 2002, plaintiff commenced this breach of contract action against defendant, and a note of issue was filed on July 23, 2004. On May 9, 2005, Supreme Court struck the action from the trial calendar based on plaintiff's counsel's failure to appear at four pretrial conferences between January 26, 2005 and May 9, 2005. On the same day the action was struck from the trial calendar, defendant's counsel mailed a copy of the order to plaintiff's counsel.[1]

In January 2007, defendant moved to dismiss the action based on plaintiff's failure to move to restore the action within one year, and plaintiff cross-moved to restore the action. In support of the cross motion, plaintiff's counsel stated that he had no notice of the May 9, 2005 conference, insinuated that he had no notice that the action had been struck from the trial calendar, and asserted that "plaintiff never actively manifested an interest to abandon the prosecution of this matter." Additionally, plaintiff proffered an affidavit attesting to the merits of the action. Supreme Court, in essence, granted plaintiff's cross motion on the condition that he pay defendant $1,000. This appeal by defendant ensued.

Supreme Court struck the action from the trial calendar pursuant to CPLR 3404, the post-note of issue laxness dismissal statute (*Walker v City of New York*, 46 AD3d 278, 280 [2007]). Once a case is struck from the trial calendar, the plaintiff has one year from the date it was struck to restore it as a matter of right (*see Basetti v Nour*, 287 AD2d 126, 134-135 [2001]; *see also Johnson v Rivera*, 10 AD3d 288, 288-289 [2004]). Since plaintiff failed to move to restore the action within one year, the action was automatically dismissed by operation of law (*see Mills v Pisani*, 23 AD3d 1044 [2005]; *Threatt v Seton Health Sys.*, 277 AD2d 796 [2000]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:3, at 87). Thus, defendant's motion to dismiss was unnecessary (*Lee v Chion*, 213 AD2d 602 [1995]), and plaintiff bore the burden of making a motion to restore and demonstrating therein: (1) a

---

**1.** Notwithstanding that it struck the action from the trial calendar on May 9, 2005, Supreme Court, apparently sua sponte, issued another order, dated July 26, 2005, stating that the "action is struck from the calendar, pursuant to the court's . . . order of 5/9/2005."

reasonable excuse for the delay in seeking restoration of the action to the trial calendar, (2) a meritorious cause of action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendant (*Burgos v 2915 Surf Ave. Food Mart*, 298 AD2d 282 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001], *lv dismissed* 96 NY2d 937 [2001]).

Here, the action was dismissed by operation of law in May 2006, one year after it was struck from the trial calendar. Plaintiff sought to restore the action approximately nine months later, and only after defendant made its unnecessary motion to dismiss the action (*see Aguilar v Djonvic*, 282 AD2d 366 [2001]). In his affirmation in support of the cross motion, plaintiff's counsel offered no specific explanation for the nearly two years of delay from the date of the first of the four consecutive pretrial conferences he failed to attend. More to the point, plaintiff's counsel offered no specific, let alone reasonable, explanation for this protracted delay (nine months) in moving to restore the action. The only explanation plaintiff's counsel gave is the one he stated at oral argument before Supreme Court: "from May 9th[, 2005] . . . what happened to this case can only be called law office failure. It just fell through the cracks."

That a case "just fell through the cracks" is a particularly lame—that is to say, unreasonable—excuse. As a species of law office failure, a breed of excuse that is itself in disrepute, it is as uninformative as it is unpersuasive. Because "[l]aw office failure is rarely an acceptable excuse for failing to expeditiously vacate a CPLR 3404 dismissal, especially when th[e] excuse is provided without any additional information" (*Fico v Health Ins. Plan of Greater N.Y.*, 248 AD2d 432, 434 [1998]), plaintiff's counsel's perfunctory claim of law office failure is insufficient to constitute a *reasonable* excuse (*see Rodriguez v Hercules Chem. Co.*, 228 AD2d 319, 319 [1996] ["law office failure . . . is rarely an acceptable excuse for a failure to seek more expeditiously to vacate a CPLR 3404 dismissal"]; *Robinson v New York City Tr. Auth.*, 203 AD2d 351 [1994] ["Misplacement of a file is law office failure, which is rarely an acceptable excuse (for the delay in moving to restore an action dismissed pursuant to CPLR 3404)"]; *see also Nettleship v Wallin*, 272 AD2d 241 [2000]).

In common parlance, a person who states that something for which he or she was responsible "fell through the cracks" is understood to be admitting fault, not proffering an excuse. Thus, the Dictionary of American Slang defines the phrase "fall (or slip) between (or through) the cracks" as follows: "To be ignored, overlooked, mismanaged, or forgotten" (Dictionary of

American Slang 173 [3d ed Chapman]). Even disregarding the character of the phrase as an admission of fault, counsel's use of the phrase "fell through the cracks" cannot sensibly be regarded as an excuse for the delay, let alone a reasonable excuse. Given the vacuous generality of the phrase, counsel explained nothing. In short, as a matter of law plaintiff failed to meet his burden of showing "a reasonable excuse" for the delay.

Additionally, plaintiff failed to demonstrate a lack of intent to abandon the action. Once an action is dismissed pursuant to CPLR 3404, a presumption of abandonment arises and plaintiff must rebut that presumption with evidence that plaintiff undertook some activity to prosecute the action between the time it was struck from the trial calendar and the making of the motion to restore (*see Aguilar*, 282 AD2d at 367; *Nicholos v Cashelard Rest.*, 249 AD2d 187, 189 [1998]; *Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128, 130 [1998]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:4; *see also Werner v Tiffany & Co.*, 291 AD2d 305, 306 [2002] [plaintiff demonstrated lack of intent to abandon; "during the period that the case lay dormant, plaintiff diligently continued to meet with his lawyer and to discuss document requests and depositions with him on the phone"]).

Plaintiff did *nothing* to prosecute this action between the date the court struck the matter from the trial calendar and the date he cross-moved to restore it, an application that was only made after defendant made its unnecessary motion to dismiss. In fact, nothing in the record suggests that plaintiff engaged in *any* activity in furtherance of this action following the filing of the note of issue on July 23, 2004. For this reason, the assertion by plaintiff's counsel that plaintiff "never actively manifested an interest to abandon" the case is rich in irony but a poor argument.

Accordingly, I would deny defendant's motion as moot, the action already having been dismissed, and deny plaintiff's cross motion.[2]

---

**2.** Defendant apparently asserted one or more counterclaims against plaintiff. Any such counterclaims could be severed from the underlying action (*see Chin v Chin*, 44 AD2d 812 [1974]).