■ JEREMY KISCH, as Administrator of the Estate of BLANCHE KISCH, Deceased, Appellant, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Respondents. [718 NYS2d

356] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about July 6, 1999, denying plaintiff's motion to restore the action to the active calendar and to compel depositions of defendants and granting defendants' cross-motions to dismiss the complaint for failure to prosecute, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and disbursements, the motion granted and the cross-motions denied.

This personal injury action arises out of a March 2, 1992 incident when the deceased, Blanche Kisch, then 75 years of age, tripped and fell, fracturing her hip, as she exited from an elevator that allegedly stopped two inches above the lobby floor at St. Vincent's Hospital. As a result, two actions, now consolidated, were commenced, one against St. Vincent's and the other against Schindler Elevator Corp., which serviced the elevator in question.

A deposition of the deceased was conducted November 10, 1993, but, after a few hours of questioning, had to be terminated before completion. For some undisclosed reason, the deposition, scheduled for continuance on November 23, 1993, was never resumed. Unbeknownst to defendants, the deceased, apparently suffering from Alzheimer's Disease, moved to an out-of-State nursing home and subsequently died on November 10, 1994. The record is silent as to whether discovery or, indeed, any activity took place during the period between November 1993 and January 1995. On January 3, 1995, counsel for Schindler wrote to the deceased plaintiff's counsel requesting that she be produced for her continued deposition. By letter of March 14, 1995, plaintiff's counsel advised Schindler's counsel of the deceased's death, and approximately one month later informed him that it would take approximately six to eight weeks to secure the appointment of an administrator. A stipulation amending the caption to reflect the substitution of plaintiff, the deceased's son, as administrator, was not entered into until December 1995. Thereafter, while attempting to file the stipulation, plaintiff's counsel learned that the case had been marked off the calendar for failure to answer a clerk's calendar call on June 19, 1994. On receipt of a January 23, 1996 letter from plaintiff's counsel, the court restored the case to the calendar.

Discovery motions by defendants followed, resulting in an order directing the production of medical authorizations and the appearance for deposition of the plaintiff administrator as well as the deposition of defendants. Although plaintiff administrator was ready to be produced for deposition of June 6, 1996,

defendants requested and received an adjournment. For some undisclosed reason, after a second discovery order dated June 21, 1996, upon renewal and reargument, directing the taking of plaintiff administrator's deposition on October 10, 1996 or any other mutually agreed upon date and certain discovery, the parties never conducted the court-ordered deposition. On July 1, 1996, the case was marked off the calendar when none of the parties appeared for a court conference. It is undisputed that notice of the conference had not been received by any of the parties; nor was notice given of the decision to mark the case off the calendar.

As the record shows, there was no communication between the parties or other activity in the case from the time the case was marked off, on July 1, 1996, until April 9, 1997, when plaintiff's counsel wrote defendants' counsel requesting that they contact counsel to schedule the court-directed depositions of plaintiff and defendants. Defense counsel did not respond. There was no further activity in this matter until October 14, 1998, 18 months later, when plaintiff's counsel again wrote defense counsel requesting the scheduling of depositions. In response, counsel for St. Vincent's advised plaintiff's counsel that the case had been marked off. It was then, for the first time, that counsel learned of that fact. Six weeks later, by notice of motion dated December 18, 1998, plaintiff moved to compel depositions and restore the case to active status. Defendants cross-moved for dismissal for failure to prosecute. The IAS Court denied the motion and granted the cross motions, finding plaintiff's 18-month delay in seeking discovery during the time the case was marked off inexcusable and that he had failed to overcome the presumption of abandonment.

Plaintiff claims that CPLR 3404 does not apply since, given the record's lack of clarity on the point, the case may well have been marked off as a result of a clerk's administrative call (*see, e.g., City of New York v Sutphin Trust*, 257 AD2d 526). This argument is unavailing. It is plaintiff's burden to offer support in the record for such a claim, and he has failed to make the necessary record. (*See, Williams Corp. v Roma Fragrances & Cosmetics*, 166 AD2d 327.) We are left only to speculate as to what transpired in court on July 1, 1996. Assuming, as we must, that CPLR 3404 applies, that is, that a case marked off or struck from the calendar and not restored within one year is deemed abandoned, a plaintiff, in order to have a case restored, must show a lack of intent to abandon the action, a reasonable excuse for the delay, a meritorious cause of action and a lack of prejudice to the party opposing restoration. (*Ramputi v Timko*

*Contr. Corp.*, 262 AD2d 26; *Nicholos v Cashelard Rest.*, 249 AD2d 187.)

On this record, plaintiff has shown merit and a lack of prejudice to defendants. Although clearly the activity in this case after it was marked off is sparse and might not ordinarily overcome the presumption of abandonment, we take into account the fact that defendants contributed to the lack of activity. (*See, Nicholos v Cashelard Rest., supra.*) By adjourning the scheduled June 6, 1996 deposition of plaintiff and failing to follow up on that deposition and the other court-ordered depositions or to respond to counsel's letter request that they arrange for the scheduling of such depositions, defendants cannot avoid their share of the blame for the lack of activity in the case.

Moreover, on the basis of this record, it is doubtful that the marking of the case off the calendar was a result of plaintiff's neglect. As all the parties agree, no one received notice of the July 1, 1996 conference which led to the court's action. The lack of fault or neglect on the part of plaintiff is an important consideration in determining whether the presumption of abandonment has been rebutted. (*See, Hillegass v Duffy*, 148 AD2d 677, 680.)

Considering all the circumstances and taking into account that there exists " 'a substantial possibility of success in the action' " (*Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281, 284 [citation omitted]), we conclude that the action should be restored and plaintiff permitted to proceed with its prosecution. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.