■ GINA ARCATE et al., Appellants, v SHERMAN COHEN et al., Respondents. (And Third-Party Actions.) [735 NYS2d 107] —Order, Supreme Court, New York County (Louis York, J.), entered January 11, 2001, which denied plaintiffs' motion to vacate dismissal of the action for their failure to file a note of issue, unanimously reversed, on the law, without costs, the motion granted and the complaint reinstated. Appeal from order, same court and Justice, entered April 26, 2001, which denied plaintiffs' motion to renew, unanimously dismissed, without costs, as academic.

Plaintiffs' action was dismissed by reason of their failure to file a note of issue in accordance with an order extending their time to comply until 20 days after service of the order. In the first order appealed from, Supreme Court denied plaintiffs' motion to vacate the dismissal of the complaint, noting that the deadline to file a note of issue had been extended three times previously and that "counsel has set forth no valid reasons" for the default. In the second order appealed from, the court denied plaintiffs' motion to renew on the ground they failed to set forth any additional facts.

We note that, following the 1967 reenactment of CPLR 3216, a court is required to comply with the same procedural prerequisites to dismissal of an action for failure to prosecute that an adverse party is required to fulfill. Specifically, a demand that prosecution be resumed and that a note of issue be filed within 90 days (formerly 45 days) following its receipt must be served upon the plaintiff by certified or registered mail (CPLR 3216 [b] [3]). Thus, the inherent "power and practice of the courts in controlling the flow of litigation by dismissing neglected actions" (*Sortino v Fisher*, 20 AD2d 25, 27 [1963]) has been abrogated by statute (L 1967, ch 770, § 1, as amended by L 1978, ch 4, §§ 1, 2), with the result that "courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b)" (*Chase v Scavuzzo*, 87 NY2d 228, 233). As the record does not contain any 90-day demand served by the court or an adverse party upon plaintiffs by certified or registered mail, Supreme Court acted contrary to statute in dismissing the complaint. Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.