■ CARMA PAM BASILE, Appellant, v DEVENDER N. CHHABRA, D.M.D., et al., Respondents. [805 NYS2d 54]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 23, 2004, which denied plaintiff's motion to vacate dismissal of the action for failure to file a note of issue, unanimously reversed, on the law, without costs, the motion granted and the complaint reinstated.

Plaintiff filed a complaint in this action claiming dental malpractice in December 2000. In March and May 2001 defendants answered, denying plaintiff's allegations and asserting affirmative defenses. The court conducted a preliminary conference and at least four subsequent compliance conferences between June 2001 and March 2003, including one on January 16, 2003. Defendants contend that during that conference, the IAS court also issued a 90-day order requiring the filing of a note of issue by April 16, 2003, which placed plaintiff on notice that her action could be dismissed pursuant to CPLR 3216. However, defendants concede that this order was not signed by the parties. Plaintiff did not file a note of issue by April 16, 2003, and at some point prior to a scheduled June 19, 2003 pretrial conference, the court sua sponte dismissed the complaint.

In May 2004, plaintiff moved to restore the action. Plaintiff alleged that discovery delays were attributable to defendants' insurer's liquidation, defense attorney substitutions and difficulties in attempting to schedule depositions. She also asserted that the complaint was improperly dismissed because neither the defendants nor the court ever served a proper 90-day demand (see CPLR 3216). Defendants countered that the litigants were all made aware at the January 16, 2003 compliance conference that plaintiff was required to file the note of issue by April 16, 2003. The court denied the motion to vacate dismissal. This appeal ensued.

CPLR 3216, which allows for the dismissal of a complaint for failure to prosecute, provides, as relevant: "(3) The court or party seeking [dismissal] . . . shall have served a written demand by registered or certified mail requiring the party

against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed." (CPLR 3216 [b] [3].) Defendants correctly assert that an order of the court, signed by the parties, can substitute for a 90-day demand under CPLR 3216 (*see Werbin v Locicero*, 287 AD2d 617 [2001]). However, even if we were to accept defendants' argument that the court directed filing of a note of issue 90 days prior to April 16, 2003, the parties' failure to sign that order makes it an insufficient substitute for a duly executed and properly served 90-day notice pursuant to CPLR 3216 (*cf. id.*). Thus, the court was not empowered to dismiss the complaint (*Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]; *Arcate v Cohen*, 289 AD2d 148, 149 [2001]). Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.