The court improperly dismissed the complaint on the ground that plaintiff defied the court’s order to serve and file a note of issue. Although court orders may constitute a “written demand” to serve and file a note of issue under CPLR 3216 (b) (3) (see e.g. Basile v Chhabra, 24 AD3d 149, 150 [1st Dept 2005]), the March 2011 order here, which directed that the note of issue be filed by April 22, 2011, did not give plaintiff the required 90 days to serve and file a note of issue, or contain a statement that failure to timely do so would serve as a basis for a motion to dismiss (see CPLR 3216 [b] [3]; Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697, 697-698 [1st Dept 2012]).
The court, however, providently exercised its discretion in precluding plaintiff from testifying at trial, given her irresponsible approach to discovery (see Healy v ARP Cable, 299 AD2d 152, 154 [1st Dept 2002]; New v Scores Entertainment, 255 AD2d 108, 108 [1st Dept 1998]). Plaintiff failed to appear for her deposition on the court-ordered date of June 8, 2010, despite defendants’ attempts to confirm her availability before the deposition date; never apprised the court of her inability to be deposed that day, despite clear directives to do so in the preliminary conference order; and never explained her failure to do any of the foregoing. Plaintiff also failed to timely respond to defendant New Age Perfumes, Inc.’s interrogatories by the discovery deadline, despite multiple requests by New Age that she do so. Concur — Gonzalez, PJ., Saxe, DeGrasse, Freedman and Román, JJ.