■ THE BOARD OF MANAGERS OF THE LORE CONDOMINIUM, Appellant, v STEVEN GAETANO et al., Respondents. [30 NYS3d 560]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered June 5, 2015, which denied plaintiff's motion to vacate an order, same court and Justice, entered December 24, 2013, which had sua sponte marked the case off the calendar, unanimously reversed, on the law, without costs, the motion to vacate granted, and the case placed back on the court's pre-note of issue calendar. Appeal from order entered December 24, 2013, unanimously dismissed, without costs, as academic.

The motion court erred when it effectively dismissed the complaint pursuant to CPLR 3216 (a) on the basis that plaintiff failed to file a note of issue and certificate of readiness by October 18, 2013, as required by both a preliminary conference order and a so-ordered stipulation entered into by the parties. A condition precedent to dismissal pursuant to CPLR 3216 (a) was not satisfied, since a written demand pursuant to CPLR 3216 (b) (3) was never served upon plaintiff. Although court orders signed by the parties may constitute a written demand under CPLR 3216 (b) (3) (*see Basile v Chhabra*, 24 AD3d 149, 150 [1st Dept 2005]), the preliminary conference order does not qualify as such because it was unsigned by the parties (*see id.*), and it did not give plaintiff the required 90 days to serve and file the note of issue, or state that plaintiff's failure to timely do so would serve as a basis for a motion to dismiss (*see* CPLR 3216 [b] [3]; *Mehta v Chugh*, 99 AD3d 439, 439 [1st Dept 2012]). The stipulation, while signed by both parties, also fails to qualify as a written demand, because it does not contain the requisite statutory language (*see id.*). Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ.