■ GRACE RIST, Respondent, v. 234 EAST 33RD CORP., Appellant.— Order unanimously reversed on the facts and as a matter of discretion, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint, with costs. Despite recent admonitions by this court that on a motion such as this there must be a substantial showing of valid excuse or justification for delay, together with an affidavit of merits by the party plaintiff (*Hyde & Sons* v. *Roller Derby Skate Co.*, 1 A D 2d 942; *Davis* v. *Cunard S. S. Co.*, 284 App. Div. 1036; *Cooper* v. *Schnabolk*, 283 App. Div. 937), the record in this case is lacking in both. Indeed, even from the attorney's affidavit (which alone would not be sufficient), one cannot glean the nature of the accident or the manner in which it occurred, let alone determine whether there is merit to the cause of action. Concur — Breitel, J. P., Botein, Frank, Valente and McNally, JJ.

■ GEORGE RIST, Respondent, v. 234 EAST 33RD CORP., Appellant.— Order unanimously reversed on the facts and as a matter of discretion, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint, with costs. (*Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867.) Concur — Breitel, J. P., Botein, Frank, Valente and McNally, JJ.

■ JOHN FISCHETTI et al., Respondents, v. 242 EAST 19TH STREET CORPORATION, Appellant.— Order unanimously reversed on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the cross motion to modify the order of preclusion is denied; and the motion by defendant to dismiss the complaint for failure to prosecute is granted and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs. Appeal dismissed. Although this cause had been at issue for three and one-half years and no note of issue had been served and filed, and plaintiffs had been in default under an order of preclusion for three years, Special Term denied defendant's motion to dismiss for lack of prosecution and granted plaintiffs' motion to vacate the order of preclusion. We have repeatedly cautioned that to avoid a dismissal for delay in prosecuting an action, a party must demonstrate a reasonably substantial excuse buttressed by an affidavit of merits by the party. (See *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867, and cases cited therein.) The explanation offered herein rests upon an alleged mishandling of the case by an associate in the office of plaintiffs' attorney and the press of other work. This does not constitute an adequate excuse. (See *Moshman* v. *City of New York*, 3 A D 2d 824, 825.) Additionally, the affidavit of plaintiffs' attorney, insofar as it purports to be an affidavit of merits, fails to show facts indicating a meritorious cause of action. Moreover, no affidavit by the plaintiffs was submitted. Since we hold that there should have been an unconditional dismissal of the action, the order of preclusion and opening plaintiffs' default thereunder (predicated upon the same inadequate excuse) must also fall. Concur — Breitel, J. P., Botein, Frank, Valente and McNally, JJ.