■ DOMINGA GUTIERREZ, Respondent, v FRANKLIN H. WILLIAMS et al., Appellants.—Order, Supreme Court, New York County, entered April 12, 1977, vacating the dismissal of the action and restoring it to the Trial Calendar, unanimously reversed, on the law and the facts, the motion to restore and vacate the dismissal denied and the complaint dismissed. Appellants shall recover of plaintiff's counsel $40 costs and disbursements of this appeal. Plaintiff sued defendants, her landlords, for personal injuries allegedly sustained in a fall in her bathroom in 1967. According to the records of the Department of Real Estate and Relocation, plaintiff had vacated her apartment three days prior to the date of the accident and had signed a letter acknowledging that she had no claims against the owner of the building. Parenthetically, 18 months prior to the time of the alleged fall, she had been hospitalized two months as the result of an auto accident. The case was first noticed for trial in 1970. Since that time there have been numerous adjournments and the case was marked off on two occasions, and dismissed in December, 1976, when, after being marked ready, an attorney appeared for plaintiff but refused to pick a jury. Defendant was ready at all times. In dismissing this case Justice Nadel noted that the case had been on the calendar 40 times over a 10-year period. In order to restore the action to the calendar, this court held in *Weigert v Regal Adv. Assoc.* (42 AD2d 899) that "Plaintiffs have the burden of establishing the merit of the cause of action as well as offering an acceptable excuse for the delay involved *(Mingis v. Daitch Crystal Dairies,* 32 A D 2d 746; *Sortino v. Fischer,* 20 A D 2d 25)." An affidavit of merit must allege evidentiary facts which establish a viable cause of action and here we have no such affidavit by which the court may evaluate the nature of the condition complained of, the negligence attributable to defendants, how the accident happened and the relationship of the parties. As was pointed out in *Rist v 234 East 33rd Corp.* (4 AD2d 867), "one cannot glean the nature of the accident or the manner in which it occurred, let alone determine whether there is merit to the cause of action." The affidavit here contained conclusory statements not sufficient to

support a finding of merit. One would anticipate that a delay in prosecution extending over a period of 10 years and 40 appearances would call for an extensive and in-depth exposition, especially since counsel could be expected to rely, in mitigation, upon his client's non-English speaking ability and her disappearance from her known address. Counsel here makes no effort to explain the numerous adjournments marked against him, and though counsel makes a frail attempt to justify not selecting the jury on the appointed day, no attempt is made to show why no associate was in court for the purpose of selecting a jury. Thus, in view of plaintiff's inability to supply an adequate affidavit of merit and to explain such flagrant procrastination, the motion in the trial court should not have been granted. Concur —Birns, J. P., Evans, Lane and Markewich, JJ.