■ Carmen Morales et al., Appellants, v Solomon Manage-
ment Co., LLC, et al., Respondents. [832 NYS2d 832]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.),
entered March 29, 2006, which denied plaintiffs' motion to
restore this action to the trial calendar, unanimously reversed,
on the law and the facts, without costs, the motion granted and
the action restored. Appeal from order, same court and Justice,
entered September 8, 2006, which granted plaintiffs' motion for
reargument and/or renewal and, on reargument, adhered to the
March 2006 determination, unanimously dismissed as academic,
without costs, in view of the foregoing.

On May 16, 1997, plaintiff Carmen Morales was allegedly
injured when part of the ceiling of her apartment collapsed on
her. On March 9, 1998, she slipped and fell on a puddle in her
apartment building, exacerbating the injuries she had sustained
in 1997.

Mrs. Morales and her husband brought two lawsuits against
their landlord: one for the 1997 incident and another for the
1998 incident. In 1999, defendants deposed both plaintiffs, and
plaintiffs deposed one of the defendants and the superintendent
of the subject building.

On November 9, 2001, the 1997 action was marked off the
calendar. On November 7, 2002, defense counsel informed
plaintiffs' counsel that the action had been stayed because
defendants were insured by Legion Insurance Company, which
was in rehabilitation. The stay continued in place through May
2004 for the 1998 case and August 2005 for the 1997 case. While
the stay was in effect, plaintiffs' counsel responded to defense
counsel's request for authorizations.

In January 2005, the 1998 case proceeded to trial. On March
10, 2005, plaintiffs signed a document stating: "in consideration
that my claim in the Villanova Insurance Company[*] Rehabilita-
tion, Liquidation, or Ancillary proceeding . . . based upon my
claim against UZI Einy d/b/a Solomon Management D/A 3/9/98,
a policyholder of said company, be allowed in said proceeding
the sum of EIGHTY FIVE THOUSAND DOLLARS . . . [I]
release and forever discharge the Superintendent of Insurance

---

* Villanova and Legion are related.

of the State of New York, . . . the estate of Villanova Insurance Company and the above named insured or policyholder, from any and all rights, causes of action, claim or demand of whatso-ever kind, nature or description at law or in equity or created by statute which it [*sic*] now has."

In September 2005, plaintiffs learned that the stay of the 1997 action had been lifted. On September 22, 2005, they asked defendants to stipulate to the restoration of the case. After defendants refused, plaintiffs moved on November 23, 2005 to restore the 1997 action to the trial calendar. The IAS court denied plaintiffs' motion, finding that the March 2005 document released plaintiffs' claims in both the 1997 and 1998 actions. We reverse.

It has long been the law that "where a release contains a recital of a particular claim, obligation or controversy and there is nothing on the face of the instrument other than general words of release to show that anything more than the matters particularly specified was intended to be discharged, the general words of release are deemed to be limited thereby" (*Mitchell v Mitchell*, 170 App Div 452, 456 [1915]; *see also Haskell v Miller*, 221 App Div 48 [1927], *affd* 246 NY 618 [1927]). The vitality of that principle has not faded in the ensuing decades (*see Lexington Ins. Co. v Combustion Eng'g*, 264 AD2d 319, 321-322 [1999]). The release signed by plaintiffs indicates that it is for the 1998 accident ("D/A 3/9/98").

Furthermore, "a release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Cahill v Regan*, 5 NY2d 292, 299 [1959]; *see also Lexington*, 264 AD2d at 322). Clearly, the plaintiffs did not intend the release to cover the 1997 incident. Defendants presented no evidence that the Superintendent of Insurance (the other party to the release) intended the document to cover the earlier incident.

Of course, since plaintiffs have already been compensated for their injuries from March 9, 1998 onward, they may only recover damages for the period between May 16, 1997 and March 8, 1998.

Contrary to defendants' claim, plaintiffs have satisfied the requirements for a motion to restore an action to the trial calendar. The affidavit submitted by Mrs. Morales indicates "the nature of the condition complained of, the negligence attributable to defendants, how the accident happened and the relationship of the parties" (*Gutierrez v Williams*, 60 AD2d 827, 827 [1978]). Defendants' argument that the passage of time may impair their ability to defend the action is unavailing (*see e.g. Nunez v Resource Warehousing & Consolidation*, 6 AD3d 325, 327 [2004]).

The stay that lasted from November 7, 2002 until August 17, 2005 is a reasonable excuse for the delay. It is true that plaintiffs' counsel does not explain what he was doing between November 9, 2001 and November 7, 2002. However, "[e]ven if the entire period of counsel's delay was not excusable, [a] client should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice . . . [and] the complaint has merit" (*Nicholos v Cashelard Rest.*, 249 AD2d 187, 190 [1998] [internal quotation marks and citations omitted]).

Finally, plaintiffs showed that they did not intend to abandon the 1997 action (*see Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 356 [1998]; *Rosado v New York City Hous. Auth.*, 183 AD2d 640, 642 [1992]). They kept checking to see if the stay was still in effect; once they discovered that it had been lifted, they tried to get defendants to stipulate to restore the action to the trial calendar. When that was unsuccessful, they moved to restore it. Even during the stay, plaintiffs responded to defendants' request for authorizations. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.