Estate of Saul Spitz, Deceased, et al., Appellants-Respondents, v Gary Pokoik, Also Known as Gary Michael Pokoik and Another, et al., Respondents-Appellants. Davin Pokoik, Additional Counterclaim Defendant-Appellant-Respondent. [921 NYS2d 58]—

Order and judgment (one paper), Supreme Court, New York County (Joan M. Kenney, J.), entered August 19, 2010, which denied plaintiffs' and additional counterclaim defendant's cross motions to dismiss the counterclaims and granted so much of defendants/counterclaim plaintiffs' motion for summary judgment as sought the dismissal of the affirmative defenses and a declaration that plaintiff Lee Pokoik, also known as Leon Pokoik, breached his fiduciary duty to them, and so declared, and denied so much of the motion as sought a money judgment, unanimously modified, on the law, to grant the cross motions to dismiss the counterclaims to the extent of dismissing the third counterclaim for breach of fiduciary duty as against additional counterclaim defendant Davin Pokoik, to deny the part of defendants' motion that sought the declaration, and vacate the declaration, and otherwise affirmed, without costs.

Contrary to counterclaim defendants' contention, the release in a July 2006 settlement agreement among some, but not all, of the parties to the instant litigation does not bar the counterclaims (see Cahill v Regan, 5 NY2d 292, 299 [1959]; see also Lexington Ins. Co. v Combustion Eng'g, 264 AD2d 319, 322 [1999]). The release in the settlement agreement covers "all claims . . . arising out of or relating to [the parties'] dispute regarding various disbursements from the accounts maintained for [certain] . . . Properties." In turn, the April 2006 Agreement for Forensic Accounting, which is referenced in the settlement agreement, makes clear that the parties' dispute was "whether disbursements and/or expenses relating to [Lee's]

Entities from the accounts maintained for the . . . Properties were properly disbursed from or paid out of the . . . accounts maintained for the . . . Properties." Lee's sale of apartment 5A/B at one of the properties to his son Davin, allegedly at a below-market price, does not fall within the scope of this release.

As the release limits the universe of "any and all claims, of whatever nature or description," to those "arising out of or relating to [the parties'] dispute regarding various disbursements from the accounts maintained for the . . . Properties," it is not a general release (*see Morales v Solomon Mgt. Co., LLC*, 38 AD3d 381, 382 [2007]; *Lexington*, 264 AD2d at 321-322). Counterclaim defendants' argument that there is a question of fact as to what the parties intended by the release is improperly raised for the first time in their appellate reply brief, and we decline to consider it (*see e.g. Shia v McFarlane*, 46 AD3d 320 [2007]).

Counterclaim plaintiffs are correct that the motion court should have considered the appraisal performed by Arthur Shatles for Commerce Bank, which was sufficiently authenticated (*see* CPLR 3122-a; *People v Cratsley*, 86 NY2d 81, 89-91 [1995]) and submitted with their moving papers. However, in opposition to counterclaim plaintiffs' motion for summary judgment, counterclaim defendants raised an issue of fact as to the value of the apartment as of the date of its sale to Davin. Lee, who is a licensed real estate broker, submitted an affidavit saying that the amount paid by Davin in 2004 represented fair market value and that the apartments in the building did not appreciate until much later, during a real estate bubble. On a motion for summary judgment, the court may not resolve an issue of fact by weighing one affiant's credibility against another's (*see e.g. Talansky v Schulman*, 2 AD3d 355, 357 [2003]). Even if the court had considered the affidavit and report of appraiser Brian Rogers, which counterclaim plaintiffs argue it should have done, there still would have been an issue of fact as to the value of the apartment.

As counterclaim plaintiffs admit, an element of breach of fiduciary duty is damages (*see e.g. Laub v Faessel*, 297 AD2d 28, 30 [2002]). Since the motion court found that issues of fact exist as to the fair market value of the apartment at the time of the sale, it erred in declaring, as a matter of law, that Lee breached his fiduciary duty. Furthermore, the co-tenancy agreement among Lee and counterclaim plaintiffs states that "Lee . . . shall have no liability to the other Co-Tenants other than for his . . . own act in bad faith or omission in bad faith or gross negligence." Lee asserted in a verified pleading that it was com-

monplace for family members and close family friends to enjoy preferential treatment, and he cited the example of the son of one of counterclaim plaintiffs who occupied an apartment at a below-market rent at the same building where apartment 5A/B is located. Thus, an issue of fact exists as to Lee's bad faith (*see Riviera Congress Assoc. v Yassky*, 18 NY2d 540, 548-549 [1966]). Counterclaim plaintiffs' denial that there was any agreement relating to preferential treatment in the sale of apartments to family and friends merely creates an issue of fact.

The motion court properly declined to dismiss the counterclaims seeking injunctive relief and a constructive trust against Davin. It is clear that counterclaim plaintiffs' use of the word "plaintiffs" instead of "Leon and/or Davin" was a clerical error and that counterclaim defendants were not prejudiced by it. Therefore, the pleadings should be amended to conform to the proof (*see e.g. Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 382 [2006]). The counterclaims alleged against Davin are a request for an injunction and, possibly, a request for a constructive trust and an accounting. Since counterclaim defendants do not discuss these counterclaims, they are deemed to have abandoned so much of their appeal as was directed against the motion court's refusal to dismiss those counterclaims (*see e.g. Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello*, 20 AD3d 28, 34 [2005]). The counterclaim against Davin for aiding and abetting breach of fiduciary duty must be dismissed, however, because neither the pleadings nor the affidavits and affirmations that counterclaim plaintiffs submitted in opposition to counterclaim defendants' cross motions adequately allege that Davin aided and abetted his father's alleged breach of fiduciary duty. Concur—Mazzarelli, J.P., Friedman, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 2010 NY Slip Op 32176(U).]**