Order, Supreme Court, New York County (Salliann Scarpulla, J.), entered April 18, 2012, which, inter alia, denied plaintiffs cross motion for partial summary judgment and upon a search of the record granted summary judgment dismissing his first and second causes of action, denied as moot his motion to quash non-party subpoenas, denied defendant Board of Manager’s and Key Real estate’s motion for summary judgment on their counterclaim and denied defendant Sweet Construction’s motion for summary judgment dismissing plaintiffs claim against it as untimely, unanimously affirmed, without costs.
In this action by plaintiff condominium owner to recover damages for repairs made to a concrete slab in the ceiling above his condominium unit after a portion of the slab collapsed while he was having alteration work performed to the unit, the motion court properly determined that plaintiff is liable for the cost of the repairs made to the entire slab because he voluntarily assumed the obligation to make the repairs, seeking approval for the work repairing the entire structural slab almost immediately after part of it collapsed and waiting a lengthy period of time before requesting reimbursement.
The November 2009 release did not apply to work that was not done pursuant to the alteration agreement or to continuing obligations, and thus did not bar the Board and Key’s counterclaim for attorneys’ fees incurred after the settlement date (see Morales v Solomon Mgt. Co., LLC, 38 AD3d 381, 382 [1st Dept 2007]); however, the attorneys’ fees sought were not for “property damage” under the authorizing provision of the alteration agreement (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]).
The motion court correctly found that plaintiffs claim against *522 defendant contractor Sweet was timely. The claim accrued on the date of the injury, not on the date of completion of the construction because it is a tort claim (see IFD Constr. Corp. v Corddry Carpenter Dietz & Zack, 253 AD2d 89, 92 [1st Dept 1999]).
We have considered the parties’ remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ. [Prior Case History: 35 Misc 3d 1214(A), 2012 NY Slip Op 50704(U).]