■ KENNETH LINN et al., Respondents, v NEW YORK DOWNTOWN HOSPITAL, Respondent, and VIOREL NICOLESCU, M.D., Appellant, et al., Defendants. [31 NYS3d 504]—

Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered October 31, 2014, which denied defendant Viorel Nicolescu, M.D.'s motion for summary judgment dismissing the complaint as against him on the grounds that a general release executed by plaintiffs bars plaintiffs' action against him, unanimously affirmed, without costs.

The release at issue provides that, in exchange for defendant Cabrini Center for Nursing and Rehabilitation's (Cabrini) payment to plaintiffs of $25,000, plaintiffs released Cabrini, its insurer, and their "agents, servants, employees, [and] staff," from "all . . . actions, causes and causes of action . . . which

against the said [Cabrini] the plaintiffs ever had, . . ." "The meaning and extent of coverage of a release 'necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given' " (*Rotondi v Drewes*, 31 AD3d 734, 735-736 [2d Dept 2006], quoting *Cahill v Regan*, 5 NY2d 292, 299 [1959]). "[A] release may not be read to cover matters which the parties did not desire or intend to dispose of" (*id.* at 735; *Morales v Solomon Mgt. Co., LLC*, 38 AD3d 381, 382 [1st Dept 2007]).

Assuming arguendo that defendant Nicolescu, a private attending physician at Cabrini, could be considered a "staff" member of Cabrini, the release is unambiguously limited only to "causes of action" that plaintiffs had against Cabrini, and does not release any other tortfeasors not expressly named therein from liability for causes of action asserted against them (General Obligations Law § 15-108 [a]; *Morales* at 382; *compare Bernard v Sayegh*, 104 AD3d 600 [1st Dept 2013]). Interpreting the release as urged by defendant Nicolescu to release him from liability for causes of action asserted against him individually would return to the common law rule in effect before enactment of General Obligations Law § 15-108 (a), when general releases were "a trap for the average man, who quite reasonably assumes that settling his claim with one person does not have any effect on his rights against others with whom he did not deal" (*Wells v Shearson Lehman/American Express*, 72 NY2d 11, 22 [1988]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.