Stolper v Burbacki (2021 NY Slip Op 06822)





Stolper v Burbacki


2021 NY Slip Op 06822


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 652352/18 Appeal No. 14772 Case No. 2021-00275 

[*1]Stella Stolper, Plaintiff-Respondent,
v
Zarina Burbacki, Defendant-Appellant.


Jonathan E. Neuman, Fresh Meadows, for appellant.
Russo PLLC, New York (Robert Sidorsky of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 20, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1),(5) and (7), unanimously affirmed, with costs.
Plaintiff alleges that defendant was retained as her personal attorney and as in-house counsel for Wikked Entertainment, Inc., plaintiff's talent agency and production company. Plaintiff's amended complaint alleges that defendant converted funds, breached her fiduciary duty, defamed plaintiff with third parties including a former primary client, and committed legal malpractice.
Defendant moved to dismiss claiming that she worked as an assistant to the primary client, not as plaintiff's lawyer. Alternatively, she argues that even if she were deemed plaintiff's lawyer, plaintiff is bound by a settlement and Mutual Release Agreement she entered in settlement of a separate New York action brought against the primary client in 2018. She argues that because a carve out provision was made for a different assistant in the Settlement and Mutual Release Agreement, a similar carve out provision was necessary to exclude defendant from the terms of the Mutual Release Agreement.
Supreme Court denied defendant's motion to dismiss. The court found that the language in Section 4(a) of the Settlement and Mutual Release Agreement, which states in relevant part that the parties and all their respective "lawyers, and all others who may take any interest in the matters herein released (the Stolper Releasees) and (the Carey Releasees), collectively (the Releasees), hereby fully and forever release, acquit, and discharge each other and each other's . . . lawyers and all others who may take any interest in the matters herein . . ." only released the parties and each other's lawyers. The Court further determined that the parties did not release any claims each party might have against their own lawyers and any carve out provisions in the Mutual Release Agreement - in sections 4(c) and 4(d) - do not otherwise expand the provisions of the release itself.
Accepting plaintiff's allegations that defendant acted as her personal attorney as true, as is required on a motion to dismiss, the Court properly denied defendant's motion to dismiss the complaint based upon a mutual release. A release may not be read to cover matters which the parties did not desire or intend to dispose of (see Enock v National Westminster Bankcorp., Inc. 226 AD2d 235 [1st Dept 1996]). Contrary to defendant's contention, the record does not demonstrate that the Mutual Release Agreement between plaintiff and a third party, in which plaintiff agreed to release claims against the third party's agents including their lawyers, barred plaintiff's instant claims against defendant arising out of her alleged misconduct while she was employed as plaintiff's attorney (see generally Linn v New York Downtown Hosp., 139 AD3d 574, 575 [1st Dept [*2]2016]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021