Kapitus Servicing, Inc. v MS Health, Inc. (2023 NY Slip Op 02460)

Kapitus Servicing, Inc. v MS Health, Inc.

2023 NY Slip Op 02460

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 650548/20 Appeal No. 215 Case No. 2022-01610 

[*1]Kapitus Servicing, Inc., Formerly Known as Colonial Funding Network, Inc. etc, Plaintiff-Appellant,
v
MS Health, Inc. Doing Business as MS Health etc., et al., Defendants, Shaun Passley Also Known as Shaun A. Passley, Defendant-Respondent.

Kapitus Servicing, Inc., New York (Kristyn Nicola Harrison of counsel), for appellant.
Robert B. Harmon, New York, for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered March 3, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Shaun Passley's motion to amend his first amended answer to add the affirmative defenses of release and waiver and, based on the affirmative defenses, dismissed the action as against him, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated as against Passley.
In 2016, plaintiff purchased future receivables generated in the course of defendant MS Health Inc.'s business under a factoring agreement (the MS Health agreement). Beginning in February 2016, MS Health allegedly stopped paying out the receivables, thus defaulting on the MS Health agreement. Passley, the president of MS Health, had also executed a personal guaranty of MS Health's performance under the agreement, but according to plaintiff, failed to fulfill his guaranty obligations upon MS Health's default.
Meanwhile, in late 2015 and early 2016, TVT Capital, LLC, for whom plaintiff is the servicing provider, had entered into three similar agreements with Passley and nonparties Epazz, Inc. and Cynergy Corporation (collectively, the Epazz defendants). Passley, who is the president of Epazz as well as MS Health, executed a personal guaranty for these three agreements. In June 2016, plaintiff, under its former name, Colonial Funding Network, Inc. (CFN), filed a complaint against the Epazz defendants, alleging that they had defaulted on the three agreements.
In June 2017, plaintiff entered into a settlement agreement and release with the Epazz defendants (the settlement agreement). Passley now contends that because the settlement agreement provided that CFN and TVT Capital released him from all known or unknown claims regarding the subject matter of the litigation, the settlement agreement releases him from plaintiff's claims against him in this litigation. He also contends, for the first time on appeal, that plaintiff was the first party to breach the settlement by failing to abide by certain of its terms.
Supreme Court should have denied Passley's motion to amend his answer to add the affirmative defense of release and waiver as the proposed amendment is devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). Plaintiff issued a notice of payment default to the Epazz defendants in December 2019 and there is no evidence that the Epazz defendants refuted or cured the alleged default, thereby materially breaching the settlement agreement. Therefore, they cannot now rely on the release contained in the settlement agreement to support their motion to amend (see Conergics Corp. v Dearborn Mid-W. Conveyor Co., 144 AD3d 516, 530-531 [1st Dept 2016]).
The Epazz defendants assert, for the first time on appeal, that plaintiff was the first party to materially breach the settlement agreement and that plaintiff therefore cannot enforce the agreement against [*2]the Epazz defendants. It is inappropriate for this Court to consider defendants' argument for the first time on appeal because it is a factual argument which cannot be determined on the record before us (see Vanship Holdings Ltd. v. Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Moreover, even assuming the release could be enforced against plaintiff, the language in the settlement agreement, which explicitly dealt with the Epazz agreements, does not mention the MS Health agreement and therefore does not apply to that agreement (see Morales v Solomon Mgt. Co., LLC, 38 AD3d 381, 382 [1st Dept 2007]).
Finally, contrary to Passley's position, section 2 of the settlement agreement does not explicitly limit plaintiff to the remedy of confessed damages. Rather, section 2 permits plaintiff to "proceed with all legal remedies available," which would include termination of the contract coupled with bringing suit for damages (see Papa Gino's of Am., Inc. v Plaza at Latham Assoc., 135 AD2d 74, 76 [3d Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023