Day v Plumber's Shop & Assoc. LLC (2026 NY Slip Op 01008)

Day v Plumber's Shop & Assoc. LLC

2026 NY Slip Op 01008

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 158691/22|Appeal No. 5922|Case No. 2025-05032|

[*1]Linda Day, Plaintiff-Respondent,
vThe Plumber's Shop & Associates LLC, Defendant-Appellant, Henry Noel, Defendant.

Russo & Gould LLP, New York (Jeremy A. Berman of counsel), for appellant.
Lynn Occhipinti, LLP, New York (Frank S. Occhipinti of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 25, 2025, which, to the extent appealed from, denied defendant's motion to dismiss the complaint based on the terms of a release signed by plaintiff, unanimously affirmed, with costs.
A release, which plaintiff signed after receiving an insurance settlement for substantial water damage to her property, contained language stating that it applied to "any and all property damage claims which [plaintiff] now [has] or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen property damage." Plaintiff seeks to recover alternative living expenses and loss of use (ALE) after receiving the settlement and signing the release.
Supreme Court correctly denied defendant's motion to dismiss, as the language of the release is susceptible to more than one interpretation. Contrary to defendant's contention otherwise, the release did not plainly define a "property damage claim," nor does it otherwise make clear that a claim to recover the ALE damages that flowed from or grew out of the property damage must itself necessarily constitute a "property damage claim" that is subject to the terms of the release. The release is therefore ambiguous with respect to whether the ALE claim constitutes a property damage claim that falls within the terms of the release (see Stolper v Burbacki, 200 AD3d 480, 481 [1st Dept 2021]; Morales v Solomon Mgt. Co., LLC, 38 AD3d 381, 382 [1st Dept 2007]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026