■ MIROSLAW GOSEK, Appellant, v LUNT THEATRE COMPANY et al., Respondents. KAY CONSTRUCTION CORP., Fourth-Party Plaintiff, v T&S MASONRY, INC., Fourth-Party Defendant-Respondent. (And a Third-Party Action.) [931 NYS2d 857]—

In 1995, plaintiff commenced this personal injury action to recover for injuries he suffered in 1992, when he fell from a ladder while working at defendants' premises. In 1998, after plaintiff filed his note of issue, the parties entered into a stipulation agreeing that the case would be removed from the trial calendar and discovery would be completed. In August 2000, plaintiff appeared for a neurological exam, and defendants served expert exchanges in September 2000. On August 14, 2001, more than one year after the case was marked off, plaintiff moved to restore the case to the trial calendar.

The court denied plaintiff's motion on the ground that he failed to satisfy the requirements for vacating a dismissal based on abandonment pursuant to CPLR 3404, i.e., merit, a reasonable excuse for the delay, no intent to abandon the matter, and a lack of prejudice to the nonmoving party (*Ware v Porter*, 227 AD2d 214 [1996]). On March 19, 2010, plaintiff again moved for an order restoring the action to the trial calendar, and alternatively sought renewal of the 2001 motion.

In light of the prior motion, which sought identical relief, as well as the fact that plaintiff did not submit any new evidence, the court properly considered plaintiff's motion as an untimely motion to reargue. Inasmuch as no appeal lies from the denial of a motion to reargue, and no appeal was taken from the original 2001 order, plaintiff's arguments addressed to that determination are not properly before us (*see* CPLR 2221; *Jones v 170 E. 92nd St. Owners Corp.*, 69 AD3d 483 [2010]; *Stratakis v Ryjov*, 66 AD3d 411 [2009]). Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31841(U).]**